Raymond ROSSO and Eugene M. Radler

v.

FOODSALES, INC. and Raymond J. McCormick, Jr.

Civ. A. No. 78–2148.

United States District Court,
E. D. Pennsylvania.

March 10, 1980.

Arthur Lefkoe, Norristown, Pa., for plaintiffs.

Nicholas E. Chimicles and Otis W. Erisman, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presented to the Court is a motion by the plaintiff Eugene M. Radler to enforce a settlement agreement which was entered into by all the parties to this litigation on May 30, 1979. For the following reasons the motion will be granted.

The plaintiffs brought this action in June 1978. Trial commenced on May 21, 1979 and continued until May 30, 1979. The parties and their respective counsel attended the trial. On May 30, 1979, all counsel after consulting with all the parties to this action met and as a result of this meeting they dictated a "stipulation of settlement" to the court stenographer. The attorneys represented that the terms of settlement were agreed to and approved by all the parties and that all counsel had authority from their respective clients to entertain this "stipulation of agreement". A copy of the agreement is attached hereto as "Exhibit A".

In pursuance of the "stipulation of agreement" the attorneys prepared a written agreement to be executed by all parties. All parties except Raymond Rosso signed the agreement and Mr. Rosso without renouncing the terms of the settlement agreement or disclaiming his attorney's authority has maintained this stance.

On October 25, 1979, depositions of the plaintiffs' attorneys were taken in regard to the settlement and the negotiations which lead to the agreement.

Plaintiffs' counsel, Arthur Lefkoe's deposition revealed the following: There were rather lengthy settlement discussions during the trial period beginning on May 23, 1979. The discussions were held in two conference rooms adjacent to the courtroom, and in the hallway. The defendants and their counsel used one room, and the plaintiffs and their counsel another room. On some occasions all of the parties and their attorneys occupied the same room.

Plaintiffs Rosso and Radler were always available for their counsel to confer with during the negotiations and to respond to any and all that arose and to provide whatever help was necessary in order to resolve whatever issues might arise. Plaintiffs' counsel not only communicated all the proposals to the plaintiffs, but plaintiffs had a great deal of input into the terms of the settlement as well as advising as to their acceptability.

Mr. Lefkoe went on to say that plaintiffs had minds of their own, made decisions of their own, and the proposals made by them manifested themselves in the final agreement. He stated that plaintiffs' counsel had authority to discuss settlement. Plaintiffs had final approval as to every proposal.

The settlement negotiations continued until May 30, 1979, when the settlement agreement was reached. The trial continued during these negotiations with plaintiffs' case having been completed, and defense testimony had begun. The Court had permitted recesses during the trial for the parties and their counsel to attempt to negotiate a settlement.

When a settlement agreement was reached by the parties and the Court notified, the court reporter made a record of the "stipulation of settlement". All counsel were present and participated when the stipulation of settlement was dictated to the court reporter. The settlement was dictated from a hand-written outline which had been prepared by all counsel. The only conditions attached were that two banks had to approve the settlement agreement, one of which, First Valley Bank of Bethlehem, had financed the defendant corporation, and the other, American Bank & Trust Company of Pennsylvania, who had loaned a substantial sum of money to plaintiff Rosso, and to whom Rosso had assigned his rights under his contract with defendants which was the subject matter of the present litigation.

The attorneys later prepared a settlement agreement which was signed by each party, approved by both aforementioned banks,

which Rosso refused to sign. Mr. Lefkoe testified that Rosso refused to sign because he had been unable to get American Bank to accept substantially less than the principal of $150,000.00 plus interest which Rosso owed to the bank. Rosso complained that if he had to pay American Bank that sum together with his attorneys' fees it would leave very little for Rosso.

At the deposition of Mr. Goldich, Mr. Lefkoe's associate, he testified that Mr. Rosso telephoned him while Mr. Lefkoe was on vacation [sometime after June 22, 1979] inquiring as to the status of the settlement agreement, and whether the defendants executed it, and when was he going to get his money. The deposition of Cassin Craig, Esq. of the same law firm, confirms the testimony of both Mr. Lefkoe and Mr. Goldich.

On July 18, 1979, Mr. Rosso sent a letter to Mr. Craig informing him that he was dropping his case against Foodsales, Inc. Mr. Rosso also sent a letter to this court on July 18, 1979 stating that because of his present financial posture and other matters, he was forced to drop his case against Foodsales, Inc.

The court has carefully examined the circumstances surrounding the settlement negotiations. It is clear that Mr. Rosso actively participated in the negotiations, and further authorized his counsel to agree to the settlement terms dictated to the court reporter. It is apparent that Mr. Rosso's refusal to execute the written settlement agreement is because of his inability to satisfactorily resolve his problems with American Bank. We find that the agreement reached between the plaintiffs and defendants was not conditioned upon Mr. Rosso negotiating a satisfactory settlement with American Bank.

■ The law is well settled that a district court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it. *Hobbs v. American Investors Management, Inc.*, 576 F.2d 29 (3d Cir. 1978); *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714 (2nd Cir. 1974); *Autera v. Robinson*, 419 F.2d 1197 (D.C. Cir. 1969); *Read v. Baker*, 438 F.Supp. 732 (D.Del.1977); *Mungin v. Calmar S. S. Corp.*, 342 F.Supp. 484 (D.Md.1972).

■ The authority of the trial court to enforce a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the avoidance of costly and time–consuming litigation. *Dacanay v. Mendoza*, 573 F.2d 1075 (9th Cir. 1978).

■ In the case *sub judice* the plaintiff Rosso voluntarily and intelligently entered into a binding settlement agreement. The attorneys prepared a written agreement embodying the terms of the dictated agreement and which comports to that which they dictated earlier and to which all agreed thus settling the lawsuit before this court.

EXHIBIT A

May 30, 1979

SETTLEMENT STIPULATION

(3:15 P.M.)

(In chambers, Judge Weiner not present.)

MR. LEFKOE: The parties have agreed on a settlement of the case in the total sum of $475,000, apportioned $250,000 in favor of the Plaintiff Eugene M. Radler, and $225,000 in favor of the Plaintiff Raymond Rosso.

The settlement is to be payable in the following manner: $25,000 is to be paid immediately upon the signing of the Stipulation of Settlement. $15,000 is to be payable September 1, 1979.

The sum of $3,000 per month is to be paid commencing July 1, 1979 and, thereafter, through June 1, 1984 without interest.

The sum of $4,250 per month is payable July 1, 1984 through June 1, 1989 with interest payable on the unpaid balance at the then–prevailing prime rate plus 1%.

MR. ERISMAN: Set by American Bank and Trust Company of Pennsylvania.

MR. CHIMICLES: With regard to the prime interest rate, the rate shall be deter-

mined at the time of each monthly payment under the Settlement Agreement based upon the rate declared by American Bank and Trust Company of Pennsylvania.

MR. LEFKOE: There will be a penalty of $45,000 payable by Foodsales, Inc., to the plaintiffs, if the balance of the settlement is not paid off in full by June 30, 1984.

This penalty will be payable at the rate of $3,750 per month starting July 1, 1989 through June 1, 1990.

In the event that the settlement is paid off during the sixth year—

MR. CRAIG: Commencing July 1, 1984—

MR. CHIMICLES: Off the record.

(Discussion held off the record.)

MR. LEFKOE: If the settlement is paid off prior to the end of the sixth year, the penalty will be reduced to $9,000, payable with the balance of the settlement; if the settlement is paid off prior to the end of the seventh year, the penalty will be reduced to $18,000, payable with the balance of the settlement; if the settlement is paid off prior to the end of the eighth year, the penalty will be reduced to $27,000, payable with the balance of the settlement; if the settlement is paid off in the ninth year, the penalty will be reduced to $36,000, payable with the balance of the settlement; if the settlement is paid off during or by the end of the tenth year, there will be no reduction in the penalty involved.

All payments provided for under this settlement arrangement are to be made by Foodsales, Inc., directly to the law firm of Wisler, Pearlstine, Talone, Craig & Garrity, which shall be responsible for appropriate distribution thereof under this settlement arrangement.

MR. ERISMAN: Off the record.

(Discussion held off the record.)

MR. LEFKOE: Checks should be drawn to the order of Wisler, Pearlstine, Talone, Craig & Garrity, Attorneys for Raymond Rosso and Eugene M. Radler.

Stock previously issued to Raymond Rosso is to be reissued to him and all shares of stock in the name of Eugene M. Radler and Raymond Rosso in Foodsales, Inc., are to be delivered to the law firms of Schnader, Harrison, Segal & Lewis, and Wisler, Pearlstine, Talone, Craig & Garrity, to be held by them jointly in escrow pursuant to the terms of this Settlement Stipulation, and to be placed in an appropriate safe depository.

MR. ERISMAN: Requiring signatures of the representatives of both firms.

MR. LEFKOE: Upon making all of the payments provided for in this Settlement Stipulation, all stock in Foodsales, Inc., held in the name of Eugene M. Radler and Raymond Rosso shall be delivered by the escrowees to the law firm of Schnader, Harrison, Segal & Lewis as Attorneys for Foodsales for delivery to that corporation.

The stock is not to be utilized by the plaintiffs in any manner, except in the event of a default of the payments provided for under this Settlement Stipulation.

Messrs. Radler and Rosso are to receive quarterly and annual statements of operation of Foodsales, Inc., until such time as all payments provided for herein have been made.

MR. CHIMICLES: Off the record.

(Discussion held off the record.)

MR. LEFKOE: The statements being provided to the plaintiffs hereunder are for the purpose of assuring the plaintiffs of the status of operation of Foodsales, Inc., in connection with the performance of the terms of this Settlement Stipulation and are not to be used for any other purpose.

Messrs. Radler and Rosso shall execute assignments separate from certificates, which shall be held in escrow along with the stock certificates.

All parties to this litigation are to execute general releases, one to the other.

Compliance with the terms of this Settlement Stipulation shall be subject to continuing supervision of the Court.

A release of the plaintiffs from the restrictions contained in the Covenant of the noncompetition executed with Foodsales, Inc., as of January 1, 1975, incorporated in

the Amendatory Agreement of June 3, 1976.

MR. CHIMICLES: There are presently pending in the Philadelphia Common Pleas Court several cases between these parties as well as a suit by American Bank and Trust Company against Foodsales and Raymond J. McCormick, Jr., individually.

As part of this settlement, the parties agree that they will execute the necessary documents and Orders to settle, discontinue and end those pending proceedings with prejudice.

In addition, since the Wisler, Pearlstine firm represents American Bank and Trust Company, and although, American Bank is not a party to this action, it is agreed that American Bank will execute a general release running in favor of the defendants, Foodsales and Raymond J. McCormick, Jr., and that the attorneys for American Bank will execute the necessary documents to terminate that action in the State Court.

It is also agreed—off the record.

(Discussion held off the record.)

MR. ERISMAN: It is agreed between the parties that Raymond J. McCormick is hereby dismissed with prejudice as a defendant in the case and that he shall have no responsibility or personal liability for making any of the payments provided for under this Stipulation.

It is further stipulated and agreed that the American Bank and Trust Company shall have no obligation to furnish a general release to Foodsales, Inc., and Raymond J. McCormick, Jr.

MR. GOLDICH: It is a condition precedent to the parties' rights and obligations under the Stipulation that approval of this Stipulation first be given by the American Bank and Trust Company of Pennsylvania and First Valley Bank, Bethlehem, Pennsylvania.

(Settlement discussion concluded at 3:50 P.M.)