**Robert R. MORRIS**

v.

**Samuel J. GASPERO, Ind., and Samuel J. Gaspero, Int. Org. and Harry M. Stevens, Inc. and Local 276 AFL–CIO and John Gavarrone, Shop Steward and the Hotel and Restaurant Employees and Bartenders International Union.**

Civ. A. No. 78–1429.

United States District Court,
E. D. Pennsylvania.

July 28, 1981.

John A. Prodoehl, Jr., Media, Pa., for plaintiff.

Seymour I. Toll, Meranze, Katz, Spear & Wilderman, Philadelphia, Pa., for defendants.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendants have moved for summary judgment on the ground that plaintiff's claims are barred as a matter of law because of a settlement agreement. Plaintiff, Robert R. Morris, brought this action pursuant to the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 141 *et seq.* and § 159(a), against: the Hotel and Restaurant Employees and Bartenders International Union (International Union); Local 267 of the International Union (Local 267); Samuel Gaspero, individually and as President of Local 267; John Gavarrone, Shop Steward of Local 267; and Harry M. Stevens, Inc., the plaintiff's employer (Stevens). Stevens is a restauranteur and concessionaire with operations in ballparks, racetracks, arenas and other facilities in over fifteen states and Puerto Rico. Included among its facilities is its operation at Brandywine Raceway, Talleyville, Wilmington, Delaware. Plaintiff was employed by Stevens as a bartender at Brandywine Raceway since 1970. Local 267 is the duly authorized collective bargaining representative of Stevens' employees at Brandywine Raceway. On behalf of Local 267 and other local unions which represent employees of Stevens at its various operations, the International Union has entered into a succession of collective bargaining agreements with Stevens which govern the wages, terms and other conditions of employment of Stevens' employees.

Plaintiff alleges that he was improperly denied assignment to a particular bartender station to which he was entitled by reason of seniority and that the Union defendants breached their duty of fair representation in their handling of his grievance concerning his entitlement to the bartender station.

The following facts are uncontested: On July 29, 1977, when plaintiff reported for work as a Stevens bartender at Brandywine Raceway, he was in the process of recovering from a broken leg and his mobility was impaired. The Stevens manager assigned him to tend bar in the "Rodney Room" rather than the more demanding station of "floater" bartender to which he had previously been assigned. On August 15, 1977, plaintiff filed a request with Local 267 to commence a grievance procedure concerning his work assignment, contending that pursuant to the terms of the Master National Agreement between Stevens and the International Union, he was entitled to return to his former position because of his seniority on the job. On August 17, 1977, Local 267 representatives met with the Stevens manager to determine whether plaintiff had been recalled for work. At that meeting Stevens and Local 267 determined that plaintiff had been recalled, and that he had properly been assigned to the Rodney Room because seniority was not a factor in determining the station to which a bartender is assigned.

On October 11, 1977, plaintiff filed unfair labor practice charges with the National Labor Relations Board (NLRB) in which he alleged that Stevens had unlawfully refused to reassign him to his former station and that Local 267 had unlawfully refused to process his grievance concerning his reinstatement. The complaint in this action, which was filed on April 14, 1978, presents the identical claims which were prosecuted before the NLRB.

The Regional Director of the NLRB issued complaints against Stevens and Local 267 and the matter came on for a hearing before an administrative law judge on June

12, 1978. Plaintiff was present at that hearing and was represented by his own counsel. At the afternoon session of the hearing, plaintiff's counsel announced to the administrative law judge that a settlement had been reached between the parties. A settlement agreement, which was signed by the parties, provides:

1. Robert Morris hereby withdraws without prejudice NLRB charge No. 4–CA–8967 and charge No. 4–CB–3265.

2. *Robert Morris hereby discontinues action now pending in United States District Court entitled "Robert Morris vs. Gaspero, et al., 78 Civ–1429."* (emphasis supplied)

3. Robert Morris hereby withdraws intraunion charges now pending within Hotel & Restaurant Employees and Bartenders International Union against Sam Gaspero.

4. Harry M. Stevens, Inc. hereby reassigns Robert Morris to floater bartender position at Brandywine Raceway currently held by Joe Valentino.

5. Union agrees that if the company reassigns Robert Morris from floater bartender position the union will proceed to arbitration any grievance filed by Robert Morris concerning said reassignment.

6. Harry M. Stevens, Inc. hereby pays Robert Morris the sum of $1,000.00 in full and complete settlement of any and all claims which said Robert Morris had or may have had arising out of case nos. 4–CA–8967, 4–CB–3265, USDC case No. 78 Civ. 1429 and his failure to be reassigned to floater bartender position in July 1977.

7. By the execution of this agreement the company nor the union admits that they have violated the NLRA, the collective bargaining agreement or any provision of law.

8. As set forth in the collective bargaining agreement, the company agrees that it will not reassign or otherwise discriminate against Morris because he is or is not a member of any union.

9. As set forth in the collective bargaining agreement, the union agrees that it will not cause or attempt to cause the company to reassign or otherwise discriminate against Morris because he is or is not a member of any union.

10. As set forth in the collective bargaining agreement the union will not refuse to fairly represent Morris with respect to any grievance filed by him because he is or is not a member of any union.

11. John A. Prodoehl, Esq., hereby agrees to hold the $1,000.00 settlement in escrow pending discontinuance of Civ. Action 78–1429.

12. The above is the full settlement herein.

In accordance with the terms of the settlement agreement, executed by the parties and approved by the administrative law judge, plaintiff was immediately reassigned to the floater bartender station, the position which he sought in the proceedings before the NLRB and the identical position sought in his complaint filed in this action. In addition, on June 26, 1978, Stevens forwarded a check to plaintiff's counsel in the amount of $1,000.00.

By letter dated September 8, 1978, and postmarked September 11, 1978, plaintiff attempted to repudiate the settlement agreement and forwarded a check in the amount of $1,000.00 to Stevens' counsel. Stevens redelivered the check to plaintiff's counsel. Plaintiff never dismissed this action.

Defendants contend that the settlement agreement executed by the parties is a bar to this action. Plaintiff counters that defendants failed to fulfill their side of the settlement in that they failed to comply with paragraph 10 thereof which requires the union to fairly represent plaintiff with respect to any grievance filed by him. Plaintiff further alleges in his affidavit in opposition to the motion for summary judgment that he was subsequently fired by Stevens in "conspiracy" with the union.

Plaintiff contends that the union failed to fulfill its duty to fairly represent him pursuant to paragraph 10 of the settlement agreement in that he was not fairly repre-

sented at an arbitration hearing which took place on September 11, 1978. That arbitration hearing concerned three grievances filed by plaintiff, in two of which he alleged that Stevens had announced an intention to assign a less senior employee than he to a bartender station which was better than the station to which he was assigned. The plaintiff was present at the hearing and was represented by counsel for Local 267 and the International Union. On November 6, 1978, the Arbitrator issued an award in which he held that seniority was not a factor in determining assignments to bartender stations and that Stevens, therefore, did not violate the collective bargaining agreement when it refused to assign plaintiff to the station he desired.

In his affidavit in opposition to the motion for summary judgment plaintiff alleges that, despite the presence of counsel for the union at the arbitration hearing, he was not afforded a full and fair opportunity to present his case. The Arbitrator stated in his award that "the parties were represented by counsel and were given full and fair opportunity to be heard, to present all relevant testimony, proof and arguments and to examine and cross-examine witnesses in support of their contention . . . ."

 Federal Rule of Civil Procedure 56 permits the granting of summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Summary judgment is not warranted except on a clear showing that no genuine issue of any material fact remains for trial. *Ely v. Halls Motor Transit Co.*, 590 F.2d 62, 66 (3d Cir. 1978); *Drexel v. Union Prescription Centers, Inc.*, 582 F.2d 781 (3d Cir. 1978). The moving party has the burden of proving that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Adickes v. S. H. Kress and Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *DeLong Corp. v. Raymond International, Inc.*, 622 F.2d

1135 (3d Cir. 1980). It is also well settled that "[i]n all summary judgment motions, all doubts as to the existence of material facts should be resolved against the movant." *Sachs v. Continental Oil Co.*, 454 F.Supp. 614, 616 (E.D.Pa.1978), citing *Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 967 (3d Cir. 1978). In addition, F.R.Civ.P. 56(e) provides in relevant part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Thus, if the movant in a motion for summary judgment submits evidentiary material which indicates there is "no genuine issue of material fact," it then becomes the responsibility of the opposing party to introduce its own evidentiary material to the contrary. *DeLong Corp. v. Raymond International, Inc., supra*, at 1142.

Plaintiff entered into a settlement agreement in which he agreed to discontinue this action. The settlement agreement was in writing and was signed by plaintiff, plaintiff's counsel and counsel for the defendants. Furthermore, the settlement was entered into in the presence of an administrative law judge of the NLRB, who approved of the settlement and stated on the record: "I have reviewed the settlement that was entered into among the parties. I consider the same fair and equitable under the circumstances and it will effectuate the purposes of the [National Labor Relations] Act." (Exhibit F to Affidavit of Dominic P. Luongo).

 Settlement is a judicially favored manner for terminating litigation. *Petty v. General Accident Fire & Life Assurance Co.*, 365 F.2d 419, 421 (3d Cir. 1966). Moreover, "[a]n agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir. 1970); *Good*

*v. Pennsylvania R. R. Co.*, 384 F.2d 989, 990 (3d Cir. 1967). A trial court before whom a case is pending may enforce a settlement agreement voluntarily entered into by the parties. *Berger v. Grace Line, Inc.*, 343 F.Supp. 755, 756 (E.D.Pa.1972), *aff'd*, 474 F.2d 1339 (3d Cir. 1973); *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976); *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974). The authority of the trial court to enforce a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation. *Rosso v. Foodsales, Inc.*, 500 F.Supp. 274, 276 (E.D.Pa. 1980).

Plaintiff does not dispute that he entered into the settlement agreement knowingly and voluntarily. Paragraph 2 of the settlement agreement entered into by the plaintiff specifically states that the plaintiff "hereby discontinues action now pending in United States District Court entitled '*Robert Morris v. Gaspero, et al.*, 78 Civ–1429'" (this legal action). Furthermore, the complaint filed herein by the plaintiff alleges the identical cause of action covered by the settlement agreement. The effect of such an agreement is to extinguish the asserted cause of action and to fix the rights, titles, and interests of the respective parties in accordance with the settlement agreement. *County of Dakota v. Glidden*, 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981 (1885); *Protective Closures Co. v. Clover Industries, Inc.*, 394 F.2d 809 (2d Cir. 1968); *Eagle Oil Co. v. Sinclair Prairie Oil Co.*, 105 F.2d 710 (10th Cir. 1939).

Federal and state courts have held under a great variety of circumstances that a settlement agreement voluntarily entered into cannot be repudiated by either party and will be enforced by the Court. *Kelly v. Greer*, 365 F.2d 669, 671 (3d Cir. 1966), citing *Cummins Diesel Michigan, Inc. v. The Falcon*, 305 F.2d 721, 723 (7th Cir. 1962).

When plaintiff voluntarily and knowingly entered into the settlement agreement, his original cause of action was extinguished. In the event a party to a settlement agreement breaches the agreement, the other party is not without a remedy, however, since he may seek enforcement of the terms of the agreement. *Kelly v. Greer, supra*, at 672. The plaintiff in this action is not seeking enforcement of the terms of the agreement.

For the reasons hereinabove set forth, this Court will enter an Order granting defendants' motion for summary judgment.