**Marlene PUGH and Arvis Archie**

v.

**SUPER FRESH FOOD MARKETS, INC.**
**Chuck McConney, Keith Thorpe Lackawanna Detective Agency, Inc., John Campbell, Police Officer Badge # 1377, Thomas Kane, Police Officer Badge # 9821, Al Weisen, Detective, Badge # 9161, James Healey, Police Officer, Badge # 2623, Garrison, Police Officer, Badge # 3375, City of Philadelphia Police Department.**

Civ. A. No. 85–6268.

United States District Court,
E.D. Pennsylvania.

Aug. 13, 1986.

Diane M. Rice, Philadelphia, Pa., for plaintiffs.

Thomas P. Wagner, Rebbecca Prince, Linda Kobil, Ken Johns, Philadelphia, Pa., for defendants.

### MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is the joint motion of several defendants [1] to enforce a settlement agreement among these defendants, and the plaintiffs, Marlene Pugh and Arvis Archie, to which no answer has been filed by plaintiffs. For the reasons which follow, the motion is granted.

The facts giving rise to the filing of this motion are as follows. This case was to begin trial on April 7, 1986. Shortly before trial was to begin, the moving defendants and the plaintiffs reached a settlement which provided for the joint payment by the moving defendants to the plaintiffs of Thirty-Thousand Dollars ($30,000.00) in exchange for a Joint Tortfeasor Release. On April 7, 1986, the settlement agreement, authorized by plaintiffs, was announced to the court.[2] The court then entered a Rule 23(b) order dismissing the action. Subsequently, plaintiff-wife, Marlene Pugh, signed the release of her claims for the consideration of Thirty-Thousand Dollars. However, despite the previous agreement and his wife's signature on the release, plaintiff-husband, Arvis Archie, refused to sign the release of his derivative claim.

It is clear from the statements of plaintiffs' attorney, from plaintiff-wife's signature, and from the lack of any assertion to the contrary, that plaintiffs' attorney had authority to enter into an agreement of settlement of this case; the authority of counsel to settle the case is thus not an issue. Nor have there been allegations of fraud, duress or mutual mistake.

"The law is well settled that a district court has jurisdiction to enforce a settlement agreement entered into by litigants in a case pending before it." *Rosso v. Foodsales, Inc.*, 500 F.Supp. 274, 276 (E.D.Pa.1980). *See also Hobbs v. American Investors Management, Inc.*, 576 F.2d 29 (3d Cir.1978); *Meetings & Expositions, Inc. v. Tandy Corp.*, 490 F.2d 714 (2d Cir. 1974); *Autera v. Robinson*, 419 F.2d 1197 (D.C.Cir.1969). Such jurisdiction is founded on the policy that favors the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation. *Rosso, supra* at 276; *Morris v. Gaspero*, 522 F.Supp. 121, 125 (E.D.Pa.1981); *Dacanay v. Mendoza*, 573 F.2d 1075 (9th Cir. 1978).

Further, it is the law in this circuit that "an agreement to settle a lawsuit, voluntarily entered into is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing." *Green v. John H. Lewis & Co.*, 436 F.2d 389, 390 (3d Cir.1970). "The obligation to remain bound by a valid agreement of settlement duly entered into by counsel with the authority of his client is one which pervades the law." *Good v.*

---

**1.** Super Fresh Food Markets, Inc., Chuck McConney, City of Philadelphia, John Campbell, Thomas Kane, Al Weisen, James Healey, P.O Garrison.

**2.** See Transcript, April 7, 1986, attached as Appendix A.

*Pennsylvania Railroad Co.*, 384 F.2d 989, 990 (3d Cir.1967).

The only essential prerequisite for a valid agreement is that the parties mutually assent to the terms and conditions of the settlement. *Main Line Theatres, Inc. v. Paramount Film Distributing Corp.*, 298 F.2d 801, 803 (3d Cir.1962). Even if one party demands a release following settlement, this does not constitute a reopening of negotiations that provides justification for the other party to renounce the compromise. *Id.* Moreover, the settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing. *Gross v. Penn Mutual Life Insurance Co.*, 396 F.Supp. 373, 375 (E.D.Pa.1975).

In the case *sub judice*, plaintiffs' attorney had authority to enter into the settlement agreement. Plaintiff-wife, on whose behalf the main portion of the claims against defendants were made, not only agreed to the settlement but signed the release of her claims. Only plaintiff-husband, whose claims are entirely derivative of plaintiff-wife's claims, has refused to sign the release. Under the authority cited above, the only reasonable conclusion is that an enforceable settlement was created.

Even if plaintiff-husband *never* gave authority to settle or assented to the settlement agreement, nevertheless an enforceable settlement was created as to the moving defendants and both plaintiff-husband and plaintiff-wife, as plaintiff-husband's claims are derivative of his wife's and thus extinguished by his wife's settlement. Plaintiff-husband may have a separate interest, but he does not have a separate cause of action. In the absence of his wife's right to recover, a right extinguished as to the moving defendants by the settlement agreement, plaintiff-husband could not separately pursue his derivative loss of consortium claim. *See Hooten v. Pennsylvania College of Optometry*, 601 F.Supp. 1151 (E.D.Pa.1984); *Little v. Jarvis*, 219 Pa.Super. 156, 280 A.2d 617 (1971). Thus, in the absence of any allegations that might place in doubt the validity of the formation of the settlement agreement, that agreement is enforced in the agreed amount of Thirty-Thousand Dollars ($30,-000.00).

## APPENDIX A

### SETTLEMENT

Monday, April 7, 1986

Reported by: ROSE A. TOLCHIN, Official Court Reporter, 2722 United States Courthouse, 601 Market Street, Philadelphia, Pa., 19106, 215-928-9760.

APPEARANCES:

JOSEPH BERENHOLZ, Suite 1500, 1015 Chestnut Street, Philadelphia, Pa., 19107, Counsel for the Plaintiffs.

FRAN–LINDA KOBEL, Esq., Chief Assistant City Solicitor 9th Floor, One Reading Center, 1101 Market Street Philadelphia, Pa., 19107–2996, Counsel for City of Philadelphia Police Department, J. Campbell, T. Kane, A. Weisen, J. Healey, Police Officer Garrison, Defendants

LYNN S. PALENSCAR, Esq., Fourth Floor, 1315 Walnut Street, Philadelphia, Pa., 19107 Counsel for Keith Thorpe and Lackawanna Detective Agency, Inc., Defendants

RAWLE & HENDERSON BY: THOMAS P. WAGNER, Esq., 211 South Broad Street, Philadelphia, Pa., 19107, Counsel for Super Fresh Food Markets, Inc. and Chuck McConney, Defendants

(The Court began proceedings at 9:30 A.M.)

THE COURT: Good morning.

MS. KOBEL: Are you asking who the people are in the back of the court room, Your Honor?

THE COURT: Yes.

MS. KOBEL: Those are the named defendant police officers in this case.

THE COURT: Those are all named defendant police officers?

MS. KOBEL: Three of them are other witnesses that we would have called today. We were unable, due to the late hour of the settlement last night, to prevent them from coming in.

THE COURT: I really don't want people sitting around if we have to pick a jury and so forth. I hate for citizens to be doing that when they could be doing something important rather than sitting in the court room. I enjoy having them here and watching me at all times, it makes me feel comfortable because I am being watched, but it is not necessary. I am sure the IRS is not happy that they are not working and earning some money that they could pay taxes on.

MS. KOBEL: We anticipate that we won't be here very long. There has been a settlement on behalf of my client and the city in this matter.

THE COURT: Is your client here?

MR. BERENHOLZ: No, Your Honor.

THE COURT: Where is your client?

MR. BERENHOLZ: My client is at work this morning.

THE COURT: Isn't he coming here today?

MR. BERENHOLZ: No, he or she isn't, Your Honor.

THE COURT: The case has been settled?

MR. BERENHOLZ: We have settled the case. My understanding is that there are two defendants remaining. My understanding from counsel is that the one defendant, Lackawanna, is filing its petition in bankruptcy between Noon and 1:00 o'clock today. What we would request of the Court is to in the alternative of having that automatically stay the action is to permit us to take a voluntary dismissal in this case against the remaining two defendants so that we can see what results from—

THE COURT: Are you authorized to make a statement for your client?

MR. BERENHOLZ: Yes, I am.

MS. PALENSCAR: Your Honor, excuse me. Mr. Heatherton, from the Lackawanna Detective Agency—

THE COURT: Well, do we have to have these people sitting here?

MS. PALENSCAR: Mr. Thorpe is sitting—

THE COURT: All the people who are witnesses in the Pugh case are excused and thank you very much for coming here this morning. Sorry to have kept you.

MS. KOBEL: May I just tell my client to sign a piece of paper letting him go?

THE COURT: Do that. We will take up all these various matters.

Ms. Palenscar?

MS. PALENSCAR: I have two petitions for your consideration, Your Honor.

THE COURT: Okay.

MS. PALENSCAR: I have not yet filed them, but I have served them on all interested parties.

THE COURT: The case has been settled with the city?

MR. BERENHOLZ: Correct.

THE COURT: That has been and your client agrees to accept the money and that's the end of that matter?

MR. BERENHOLZ: With the city and with Super Fresh and McConney.

THE COURT: And who?

MR. BERENHOLZ: And McConney.

MR. WAGNER: McConney is his actual name, Mc-C-o-n-n-e-y. He was misnamed as McCannon in the complaint.

THE COURT: But he is one and the same person?

MR. WAGNER: Yes.

THE COURT: Ms. Palenscar?

MS. PALENSCAR: Your Honor, the only other two parties that are outstanding now are Lackawanna Detective Agency and Detective Thorpe.

THE COURT: Right.

MS. PALENSCAR: I am told by Mr. Hetherton, who is present in the court room today to answer any of your questions.

THE COURT: Mr. Hetherton, do you want to come up, please.

MS. PALENSCAR: That he has retained counsel in Delaware to file a petition in bankruptcy under Chapter 11 today; that is set forth in my petition to withdraw as counsel for both Mr. Hetherton's company and Mr. Thorpe.

Mr. Thorpe has advised me that he is not in any position to retain me as counsel and he is here also to answer any of your questions. However, prior to presenting that petition, I do have a petition to dismiss Mr. Thorpe from this action based upon lack of jurisdiction over him. I have given you a copy, sir.

THE COURT: Any objection to that?

MR. BERENHOLZ: No, not at this time.

THE COURT: Okay. I will sign that. What else?

MS. PALENSCAR: Just the withdrawal of appearance, Your Honor.

THE COURT: All right. Put this first and follow this.

Anything else?

(No response)

THE COURT: That concludes all of the matters before us and the matter will be closed with 23(b).

MR. BERENHOLZ: Fine, Your Honor.

MS. PALENSCAR: Thank you very much.

MR. HETERTON: Your Honor, do you need a copy of the petition to be filed with Judge Allen Bailey this afternoon?

THE COURT: What you ought to do after you file that, file it under this number. Giver him the number.

Thank you.

(Whereupon, proceedings adjourned at 9:35 A.M.)