Simon M. GARABEDIAN, Appellant,

v.

ALLSTATES ENGINEERING COMPANY, DIVISION of ALLSTATES DESIGN & DEVELOPMENT COMPANY, INC., and E.I. Dupont De Nemours & Company, Inc., Appellees.

No. 86–1604.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Feb. 17, 1987.

Decided Feb. 18, 1987.

Simon M. Garabedian, pro se.

George J. Murphy, Hecker Rainer and Brown, Philadelphia, Pa., for appellee Allstates Engineering Co.

Kathryn H. Levering, John D. Stanley, Drinker Biddle & Reath, Philadelphia, Pa., for appellee E.I. Du Pont de Nemours and Co., Inc.; Jerry H. Brenner, Legal Dept., E.I. Du Pont de Nemours and Co., Inc., Wilmington, Del., of counsel.

Before SEITZ, STAPLETON and MANSMANN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Simon M. Garabedian appeals an order of the district court denying his motion to vacate the court's dismissal of his wrongful discharge suit. We have jurisdiction under 28 U.S.C. § 1291 (1982).

Garabedian filed a wrongful discharge action against Allstates Engineering Company, a division of Allstates Design and Development Company, Inc. (Allstates) and E.I. Du Pont de Nemours and Company, Inc. (Dupont). At the conclusion of discovery, the parties engaged in settlement discussions. Garabedian indicated his willingness to settle his claims in mid-April 1986. Garabedian's counsel, John A. Di Pietro, Esq., contends that Garabedian agreed to settle "in principle" on April 28. On that day, Di Pietro informed the district court and opposing counsel that an agreement had been reached. On April 29 a deputy clerk of the district court entered an order dismissing the case as settled in accordance with Rule 23(b) of the Local Rules of Civil Procedure of the Eastern District of Pennsylvania.[1]

In early May, counsel for Dupont and Allstates drafted a settlement agreement that presumably reflected the parties' proposed agreement. When Garabedian saw the draft, however, he stated that he had not and would not agree to settle on the stated terms.

On June 28 Garabedian sent a letter to the district judge requesting that the dismissal order be vacated and the case be reopened. The court ordered Garabedian's letter docketed and ordered the parties to submit memoranda with supporting affidavits or other factual support regarding whether the order should be vacated. Allstates, Dupont and Di Pietro filed responses indicating that the case had been settled on the terms set forth in the proposed settlement agreement. Garabedian filed an affidavit and memorandum contending that he had not authorized settlement on those terms.

In an order entered September 2 the district court found the case settled and denied Garabedian's motion to vacate. Garabedian filed a timely notice of appeal.

Garabedian contends the district court erred in denying his motion to vacate. Our review of the district court's application of legal precepts is plenary. *United States v. Fischbach and Moore, Inc.,* 750 F.2d 1183, 1193 (3rd Cir.1984), *cert. denied,* 470 U.S. 1029, 105 S.Ct. 1397, 84 L.Ed.2d 785 (1985).

■ In general, an attorney has no authority to settle his client's case solely by virtue of his general power to handle the case. *Holker v. Parker,* 11 U.S. (7 Cranch) 436, 452, 3 L.Ed. 396 (1813). Instead, an attorney can only enter a binding compromise if the client has authorized him to do so. While there is a presumption that a settlement entered into by an attorney has been authorized by the client, rebuttal of the presumption renders any purported settlement ineffective. *See generally* Annotation, *Authority of Attorney to Compromise Action,* 30 A.L.R.2d 944 (1953).

Garabedian attempted to demonstrate Di Pietro was not authorized to settle on the terms set forth in the proposed settlement agreement. The district court resolved the dispute without holding a hearing, relying solely on the affidavits and memoranda. While Rule 43(e) of the Federal Rules of Civil Procedure permits district courts to decide motions on affidavits presented by the parties, this court has made clear that when relief from a judgment hinges upon a factual issue and credibility determinations are involved, a hearing should be held to determine entitlement to relief. *Federal*

1.  Local Rule 23(b) provides:
    Whenever in any civil action counsel shall notify the Clerk of the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action without prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of entry of such order of dismissal.

*Deposit Insurance Corp. v. Alker,* 234 F.2d 113, 117 (3rd Cir.1956). We believe this principle applies in the present context.

■ Because the affidavits of Garabedian and Di Pietro demonstrate the existence of a genuine dispute of material fact, we believe the district court erred in resolving the matter in summary fashion. The district court should have held a hearing to determine whether Garabedian had indeed authorized Di Pietro to settle on the terms set forth in the proposed settlement agreement.

For the foregoing reasons, the order of the district court is vacated and the case is remanded to the district court for proceedings consistent with this opinion.