**Joseph F. BALLATO, Jr.,**

v.

**GENERAL ELECTRIC.**

**Civ. A. No. 92–CV–4334.**

United States District Court, E.D. Pennsylvania.

March 25, 1993.

Hyman Lovitz, Lovitz & Gold, P.C., Sidney L. Gold, Philadelphia, PA, for plaintiff.

Keith D. Heinold, Liebert, Shot & Hirshland, Madeline S. Baio, Philadelphia, PA, for defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil action is now before this court pursuant to the Motion of the Plaintiff, Jo-

seph F. Ballato, Jr. to Vacate the Order entered on January 8, 1993 pursuant to Local Rule of Civil Procedure 23(b) dismissing the case with prejudice. For the reasons set forth below, the motion is denied.

Briefly stated, the relevant facts underlying the case at bar are as follows. On July 24, 1992, Plaintiff Ballato filed his complaint in this matter by which he sought to recover $100,000 in compensatory and $100,000 in punitive damages from the defendant company for what he alleged was its unlawful termination of his employment on July 9, 1991. According to the allegations contained in his complaint, Mr. Ballato had been employed by General Electric since December, 1988 as a Senior Software Test Analyst earning some $44,000 per annum plus fringe benefits. The complaint further contends that in January, 1991, Plaintiff was required to undergo a total body iodine scan as the result of an existing medical condition known as thyroid carcinoma. It was because of this condition and the aforesaid medical procedure that Plaintiff was forced to take short term disability leave from his employment with GE from January until May 13, 1991. Plaintiff submits that he was thereafter terminated by GE on July 9, 1991 in retaliation for exercising his right to collect benefits under the defendant's Short Term Disability Benefit Plan in violation of the public policy set forth in the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1140, *et seq.*

Defendant filed its Answer with Affirmative Defenses to the plaintiff's complaint on October 5, 1992. Thereafter, on or about December 7, 1992, the parties reached an agreement to settle the case for the sum of $3,000.00; it was further agreed that counsel for the defendant would prepare a written Settlement Agreement embodying the terms of their understanding and that plaintiff's counsel, in turn, would notify the Court that the matter had been settled. (Exhibit "A" to Defendant's Response to Plaintiff's Motion to Vacate, filed 3/1/93) Defense counsel forwarded the settlement agreement and release to Mr. Ballato's attorney under cover letter of December 11, 1992 and, on or about December 28, 1992, Plaintiff's counsel sent a letter of notification to the Court that the matter had been settled and requesting the entry of an order of dismissal pursuant to Local Rule 23(b). (Exhibits "B" and "C" to Defendant's Response to Plaintiff's Motion to Vacate) The Rule 23(b) Order was subsequently entered on January 8, 1993.

Approximately one week later via correspondence dated January 15, 1993, however, counsel for plaintiff informed defense counsel that Mr. Ballato would not sign the settlement agreement because it contained a confidentiality clause prohibiting disclosure of the settlement and its terms. (Exhibit "D" to Defendant's Response to Plaintiff's Motion to Vacate) Apparent efforts by both plaintiff's and defense counsel to explain to Plaintiff that the confidentiality clause was a material condition of the settlement and to explain the underlying purpose and reasons therefor proved unsuccessful and the instant motion to vacate the order dismissing the case was filed on February 22, 1993.

In support of his request to vacate the January 8, 1993 order, Plaintiff invokes the actual provisions of Local Rule of Civil Procedure 23(b). Indeed, that rule states:

"Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. *Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal.*" (emphasis added)

■ Although the local rule does not define what constitutes or what is required to "show cause" to set aside or vacate an order of dismissal, it is firmly established law in this circuit that an agreement to settle a lawsuit, voluntarily entered into is binding upon the parties, whether or not made in the presence of the Court and even in the absence of a writing. It is equally clear that the obligation to remain bound by a valid agreement of settlement duly entered into by counsel with the authority of his client is one

which pervades the law. *Pugh v. Super Fresh Food Markets, Inc.,* 640 F.Supp. 1306, 1307–1308 (E.D.Pa.1986), citing *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3rd Cir.1970) and *Good v. Pennsylvania Railroad Co.,* 384 F.2d 989, 990 (3rd Cir.1967); *Sherman v. Medicine Shoppe International, Inc.,* 581 F.Supp. 445, 452 (E.D.Pa.1984).

■ Settlement, of course is a judicially favored manner for terminating litigation and it is well-settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein. *Fox v. Consolidated Rail Corp.,* 739 F.2d 929, 932 (3rd Cir.1984); *Petty v. General Accident Fire & Life Assurance Co.,* 365 F.2d 419, 421 (3rd Cir.1966). The authority of the trial court to enforce a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation. *Morris v. Gaspero,* 522 F.Supp. 121, 123 (E.D.Pa. 1981).

■ As a general rule, when relief from a judgment hinges upon a factual issue and credibility determinations are involved, or where material facts concerning the existence or terms of an agreement to settle are in dispute, an evidentiary hearing should be held to determine entitlement to relief. On the other hand, no hearing is necessary where there is no dispute as to the existence of a settlement. *Tiernan v. Devoe,* 923 F.2d 1024, 1031 (3rd Cir.1991) citing, *inter alia, Petty v. Timken Corp.,* 849 F.2d 130, 132 (4th Cir.1988) and *Garabedian v. Allstates Engineering Co.,* 811 F.2d 802, 803 (3rd Cir.1987).

■ In reviewing the case at hand in light of the foregoing precedent, we note at the outset that the plaintiff's motion to vacate does not put forth any cause whatsoever to justify a decision by this court to grant him the relief which he now seeks. To the contrary, the motion merely avers that on January 13, 1993, Plaintiff advised his counsel that he would not sign the written settlement agreement because of the non-disclosure provision and that the defendant will not enter into the settlement unless the plaintiff agrees to the said non-disclosure provision. Plaintiff does not dispute that he agreed, through his attorney, to settle this case for the sum of $3,000.00 nor does he allege that the original, albeit oral, agreement was not premised upon his agreement to not disclose either the settlement or its terms and conditions. What's more, there are no allegations that plaintiff's attorney was not authorized to negotiate and enter into a settlement agreement on Mr. Ballato's behalf or that he somehow exceeded the scope of that authority when the oral agreement was consummated on December 7, 1992. Accordingly, we can reach no other conclusion but that there is simply no reason to vacate the January 8, 1993 order nor does this court see any need to conduct an evidentiary hearing. For these reasons, the motion is denied in accordance with the attached order. *See Also: Callen v. Pennsylvania R. Co.,* 332 U.S. 625, 68 S.Ct. 296, 92 L.Ed. 242 (1948).