12 F.3d 1101
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Keith WILLIS, Plaintiff-Appellant,
v.
Lieutenant ESTRADA, Beatrice Rooker, Officer D. Hargrave, et
al., Defendants-Appellees.
 No. 92-3452.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1993.*
Decided Nov. 23, 1993.
 
 Before BAUER and MANION, Circuit Judges, and ESCHBACH, Senior Circuit Judge.
 
 ORDER
 
 1
 Keith Willis appeals a district court order enforcing a settlement agreement reached between the parties in this case. He claims he did not authorize his court-appointed attorney to conclude a settlement on his behalf, and therefore the oral settlement agreement does not bind him. For the following reasons, we vacate the district court order enforcing the settlement and remand the case to the district court for further proceedings.
 
 
 2
 Willis, a pre-trial detainee at Cook County Department of Corrections (CCDOC), requested extra protection during his transportation to and from court after learning that his fellow inmates planned to assault him. His request went unfulfilled and he was beaten on the court bus. Willis initiated an action in state court arising out of the beating. He simultaneously filed a complaint in the district court under 42 U.S.C. Sec. 1983, claiming that the CCDOC had violated his constitutional rights by failing to protect him from his assailants. The district court appointed counsel to represent Willis. During negotiations with the defendants, Willis's attorney, Sevastianos, represented that he was authorized to settle the case on Willis's behalf. The parties orally reached an agreed to settle the matter for $2500.
 
 
 3
 According to Willis, Sevastianos had no authority to reach a final agreement. During his last conversation with his attorney on August 17, 1992, Willis told Sevastianos that he would consider the defendant's offer to settle but refused to make a commitment. Later that month, Willis received an "Agreement and General Release" which he refused to sign because it contained a clause that would prevent him from pursuing his state claims.
 
 
 4
 Both Willis and Sevastianos filed motions to sever the attorney-client relationship. Willis filed a motion for counsel's removal because he suspected Sevastianos had a conflict of interest arising from his friendship with the defense counsel. He was also concerned that "for whatever reasons, [Sevastianos] desires only to conclude this case as quickly as possible." Sevastianos filed a motion to withdraw as counsel because Willis had failed to sign, return or state objections to the settlement agreement and could not be reached for further consultation.
 
 
 5
 Willis's motion to remove counsel did not come to the attention of the district court until the day of the status conference on September 15, 1992. At the conference, counsel for defendants claimed it was his understanding that Sevastianos had authority to settle the case. In reliance on that authority, the parties had entered into an enforceable agreement. The district court postponed ruling on the motions to withdraw and to remove counsel until September 25, 1992, when it would hear a motion to enforce the settlement.
 
 
 6
 Some time thereafter, Willis received a copy of the district court's order and prepared a response. Willis argued that he had not authorized Sevastianos to conclude a settlement on his behalf. However, the district court never considered Willis's response because although it was mailed on September 23, 1992, it was not received by the court until after the hearing.[1] Consequently, the district court allowed the motion to enforce and granted Sevastianos's motion to withdraw.
 
 
 7
 The proper resolution of this case requires a determination as to whether Sevastianos had the authority to enter into a binding settlement agreement on behalf of Willis. We have held that the authority of an attorney to enter a binding agreement to settle civil rights claims is governed by state law, Morgan v. South Bend Community School Corp., 797 F.2d 471, 474-76 (7th Cir.1986), and thus we will apply Illinois law. In Illinois, a client must expressly authorize his attorney to conclude a settlement and will not be bound by an agreement made by his attorney outside of court "without proof of authority in the attorney to bind the client, or acquiescence on the part of the client after knowledge of the facts." Danziger v. Pittsfield Shoe Co., 68 N.E. 534, 535-36 (Ill.1903); Kazale v. Flowers, 541 N.E.2d 219, 221 (Ill.App.1989). The party seeking to enforce a settlement agreement has the burden of proving the attorney's authority to bind the client. Id.; Kazale, 541 N.E.2d at 221-23.
 
 
 8
 In concluding that Sevastianos was authorized to conclude a settlement, the district court relied on defense counsel's motion with a supporting affidavit confirming the fact that Sevastianos had said he had authority to settle the case. Sevastianos himself did not offer evidence on the issue of his authority to settle on Willis's behalf because he and Willis were not communicating. At the hearing, Sevastianos simply stated that he had no objection to enforcement of the settlement and that to his knowledge neither did Willis. Given Willis's motion to remove counsel, in which he objected to Sevastianos's eagerness to settle the case, and his denial of Sevastianos's authority, which was never considered by the court, we must decide whether remand is necessary for a finding on the issue of authorization.
 
 
 9
 In Michaud v. Michaud, 932 F.2d 77 (1st Cir.1991), the First Circuit decided this issue under strikingly similar circumstances. The district court had ordered the parties to settle after holding a conference with counsel at which the attorneys for both parties claimed that authority was not an issue. Id. at 81. When the plaintiff failed to complete the settlement, the court dismissed the case with prejudice for failure to prosecute. Id. at 80. As in this case, the relationship between the plaintiff and his attorney had deteriorated prior to the hearing and counsel had sought to discontinue his representation. The First Circuit found that due to the level of distrust between them, counsel's statement as to his authority could not bind the plaintiff. The court then vacated the dismissal and remanded for further proceedings, stating that "[i]n circumstances where a former attorney and his client dispute the giving of authority, courts generally require the holding of an evidentiary hearing on the question of authorization." Id. at 81. See also Garabedian v. Allstates Engineering Co., 811 F.2d 802, 804 (3d Cir.1987) (evidentiary hearing required where affidavits showed dispute of material fact on issue of attorney's authority to settle and credibility determinations were necessary); Mid-South Towing Co. v. Har-Win, Inc., 733 F.2d 386, 391 (5th Cir.1984) (evidentiary hearing required where material facts concerning the existence or terms of an agreement to settle are in dispute); Kansas City Laborers Pension Fund v. Paramount Industries, 829 F.2d 644, 645-46 (8th Cir.1987) (authority of attorney disputed requiring evidentiary hearing); Callie v. Near, 829 F.2d 888, 890 (9th Cir.1987) (same).
 
 
 10
 Accordingly, we remand in order for the district court to determine whether Willis has demonstrated the existence of a dispute over Sevastianos's authority to enter a settlement agreement. We are unable to determine this issue on appeal due to Willis's failure to file an affidavit to support his claims. However, in the summary judgment context, we have held that pro se prisoners must be given notice of the need for affidavits and an opportunity respond. Kincaid v. Vail, 969 F.2d 594, 598-99 (7th Cir.1992), cert. denied, 113 S.Ct. 1002 (1993); Lewis v. Falkner, 689 F.2d 100 (7th Cir.1982).
 
 
 11
 For the foregoing reasons, the order of the district court enforcing the settlement agreement is VACATED and the case is REMANDED for proceedings consistent with this opinion.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 A prisoner's document is filed when it is mailed or turned over to a prison official to deposit with the court. Houston v. Lack, 487 U.S. 266, 270-71 (1988). Therefore, Willis's response was timely filed