51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Don E. CRAVENS, Appellant,
v.
WILBROS BUTLER ENGINEERS, INC., Appellee.
 No. 94-5177.
 United States Court of Appeals, Tenth Circuit.
 Mar. 23, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 This is an appeal from the district court's denial of a motion to reconsider its dismissal with prejudice of an age discrimination case for failure to prosecute. We reverse and remand to the district court for an evidentiary hearing.
 
 
 2
 In 1993, Don E. Cravens brought an age discrimination suit against Wilbros Butler Engineers, Inc. In early 1994, Mr. Cravens became dissatisfied with his attorney, Jeff Nix, and terminated their relationship. On February 14, 1994, the district court entered an order permitting Mr. Nix to withdraw. The order required Mr. Nix to forward all pleadings to Mr. Cravens and directed Mr. Cravens to secure legal representation or appear in person within twenty days.
 
 
 3
 Mr. Cravens did not appear at his deposition on February 16, 1994. Because Mr. Cravens did not appear at the deposition, the district court issued an order on March 28, 1994 dismissing Mr. Cravens's claim with prejudice for lack of prosecution. On March 30, 1994, Mr. Cravens's attorney filed an appearance. Mr. Cravens later filed a Fed.R.Civ.P. 60(b) motion to reconsider based upon excusable neglect, arguing that he did know he was scheduled for the deposition, that he was not aware of the district court's February 14 order until March 15, and that he would have responded within 20 days of becoming aware of the order. Willbros responded with an affidavit from Mr. Nix stating that he had given all files to Mr. Cravens and asserting that Mr. Cravens was aware of the date and place of the deposition.
 
 
 4
 The district court denied Mr. Cravens's motion, reasoning that it had no grounds to question Mr. Nix's affidavit because he was an officer of the court. The district court further reasoned that Mr. Nix had an attorney's lien in Mr. Cravens's suit and was therefore credible because his affidavit was adverse to his pecuniary interest. This court reviews a district court's order to dismiss for want of prosecution for an abuse of discretion. Greenwood Explorations, Ltd. v. Merit Gas and Oil Corp., Inc., 837 F.2d 423, 426 (10th Cir.1988).
 
 
 5
 On appeal, Mr. Cravens argues that the district court erred by accepting Mr. Nix's affidavit as true. We agree and hold that it was an abuse of discretion for the district court to accept one affidavit over another without an evidentiary hearing where the parties could cross-examine the witnesses and the district court could measure their credibility.
 
 
 6
 It is well-established that "a Rule 60(b) motion should be liberally construed and every effort should be made to try cases on their merits." Greenwood Explorations, 837 F.3d at 426 (citation omitted). In addition, in an analogous situation, three circuits have held that a hearing is essential when a client and an attorney dispute whether the attorney had authority to settle the client's case. In Kansas City Laborers Pension Fund v. Paramount Industries, Inc., 829 F.2d 644, 645 (8th Cir.1987), plaintiffs brought a Fed.R.Civ.P. 60(b) motion stating that their attorney lacked authority to enter into a settlement that the court had entered. The district court denied the motion after reviewing the record and hearing the arguments of counsel. The Eighth Circuit reversed, holding that the district court had abused its discretion in not holding an evidentiary hearing. Id. at 645-46.
 
 
 7
 Similarly, in Garabedian v. Allstates Engineering Co., 811 F.2d 802 (3rd Cir.1987), a client and his attorney disputed whether the attorney had authority to settle a wrongful discharge suit. The district court determined that the attorney had the authority to settle based upon a review of affidavits. The Third Circuit held that while there is a presumption that an attorney has authority to settle a matter for a client, "when relief from a judgment hinges upon a factual issue and credibility determinations are involved, a hearing should be held to determine entitlement to relief." Id. at 803 (citation omitted).
 
 
 8
 The First Circuit reached a similar conclusion in a case with quite extreme facts. In Michaud v. Michaud, 932 F.2d 77 (1st Cir.1991), an attorney represented a client in a Section 1983 action against a police department in Maine. The attorney settled the case for the client, and the district court found that the client had authorized the settlement during a chambers conference when the client was not present. Later, the client wrote to the court stating that he had not authorized his attorney to settle and was not present when the district court held the chambers conference because he was detained in another state and feared imprisonment if he returned to Maine. Id. at 78. Although the Michaud court found it tempting to affirm the district court because of its own concerns regarding the client's credibility, it held that the district court must give the client a "reasonable opportunity to be heard" and reversed the district court. Id. at 81. Significantly, the Michaud court noted that the relationship between the client and the attorney was one of "[p]rofound distrust and dissatisfaction" and that the attorney's statement of events therefore could not "bind" the client. Id. See also, Willis v. Estrada, 1993 WL 484060 (7th Cir.1993) (unpublished disposition).
 
 
 9
 We find the reasoning of these cases applicable here. Like the client in Michaud, Mr. Cravens had no opportunity to cross-examine Mr. Nix to show any bias from either the termination of their relationship or Mr. Nix's alleged failure to forward the complete file.
 
 
 10
 Rule 60(b) presents a "higher hurdle" than review on direct appeal. Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., 909 F.2d 1437, 1440 (10th Cir.1990). However, "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence." Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 727 (10th Cir.1993)(quotation omitted). We therefore hold only that the district court abused its discretion in making credibility determinations in the reconsideration stage of this case on the basis of conflicting affidavits, without holding an evidentiary hearing.
 
 
 11
 For these reasons, the order of the district court is vacated and the matter is remanded to the district court for proceedings consistent with this Order and Judgment.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order. 151 F.R.D. 470 (10th Cir.1993)