**William S. TAYLOR, et al.**

v.

**Allen W. STEWART, et al.**

**No. CIV. A. 96–6643.**

United States District Court,
E.D. Pennsylvania.

Sept. 29, 1998.

Gerald E. Arth, Ira B. Silverstein, Lisa A. Carney, Fox Rothschild, O'Brien & Frankel, LLP, Philadelphia, PA, for Linda S. Kaiser, Plaintiff.

James A. Young, Mary Ellen Nepps, Timothy C. Russell, Kenneth I. Trujillo, Christie, Pabarue, Mortensen and Young, Philadelphia, PA, Creed C. Black, Jr., Philadelphia, PA, Elizabeth J. Chambers Cozen and O'Cannor, Philadelphia, PA, Daniel J. Digiacomo, Digiacomo & Baffa, Philadelphia, PA, for Defendants.

Kenneth I. Trujillo, Christie, Pabarue, Mortensen and Young, Phila, PA, Linda Dale Hoffa, U.S. Attorney's Office, Philadelphia, PA, Catherine M. Recker, Welsh and Recker, P.C., Philadelphia, PA, Wiliam Kaufmann, United States of America, Robert E. Welsh, Jr., Movant.

Bruce R. Genderson, John W. Vardaman, Gregory B. Craig, George A. Borden, Steven M. Umin, Williams and Connolly, Washington, DC, John H. Lewis, Jr., Morgan, Lewis and Bockius, Philadelphia, PA, Morgan, Lewis & Bockius, L.L.P., David L. Harbaugh, Defendant.

### MEMORANDUM

BARTLE, District Judge.

Before the court is the "petition" of the law firm of Christie, Pabarue, Mortensen and Young, a Professional Corporation ("Christie,

Pabarue"), for leave to withdraw its appearance as counsel for defendant Allen W. Stewart. Plaintiff opposes the petition.

The Deputy Insurance Commissioner of the Commonwealth of Pennsylvania, William Taylor ("Liquidator"), has brought this action against Stewart and other defendants alleging their involvement in a complex scheme to loot two Pennsylvania insurance companies. Plaintiff seeks millions of dollars in damages. The action was instituted in October, 1996. Christie, Pabarue filed an appearance not only on behalf of Stewart, but also several other defendants involved in this case, on March 27, 1997. Pursuant to the court's Third Scheduling Order, dated March 2, 1998, the general deadline for fact discovery was set at September 30, 1998.[1] Expert discovery is to be completed by November 25, 1998.[2] The petition at issue was not filed until September 4, 1998, near the end of fact discovery. The Liquidator was the only party to oppose this petition. Stewart himself has not filed a response.

■ Christie, Pabarue's request to withdraw as counsel for Stewart is based on financial reasons alone. According to Christie, Pabarue, Stewart agreed to pay currently the ordinary and necessary legal fees charged and expenses incurred in connection with this action. As of the date of filing the petition, Stewart owed the firm over $100,000 in fees and expenses billed to him. While it states that it has made a number of inquiries of Stewart and has made "other efforts" to collect the monies owed, the bills remain unpaid. There has been no indication that payment will be forthcoming in the future. Christie, Pabarue also relates that it notified Stewart in writing, once in August and once in September, 1998, that it would seek to withdraw as counsel if payment or satisfactory payment arrangements were not made. Should it be required to continue its representation of Stewart in this action, it estimates that it would incur additional fees and

expenses of over $200,000, for which there is no prospect of payment. Christie, Pabarue seeks to withdraw because its continuing representation of Stewart will result in "an unreasonable financial burden."

The Liquidator opposes the petition. He contends that allowing the withdrawal at this late stage in the litigation would delay the action, cause substantial prejudice to the parties, and impede efficient judicial administration because it would interrupt the lines of communication between the litigants and the court. The Liquidator argues that Stewart has too little time and perhaps too few resources to retain another attorney before trial. Consequently, it is likely that he will be forced to represent himself. In the view of the Liquidator, it would be unworkable to have Stewart proceed pro se because he is presently incarcerated as a result of his conviction in the related criminal action, *United States v. Stewart,* Crim. No. 96–583 (E.D.Pa.).

■ Whether to allow Christie, Pabarue to withdraw its appearance lies within this court's discretion. *See* Local R. Civ. P. 5.1(c). Rule 5.1(c)[3] of the Local Rules of Civil Procedure provides, "An attorney's appearance may not be withdrawn except by leave of court, unless another attorney of this court shall at the same time enter an appearance for the same party." *Id.* In its analysis, the court must weigh four factors: (1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action. *See Crestar Mortgage Corp. v. Peoples Mortgage Co.,* No. Civ. A. 91–7990, 1995 WL 695093, at *1 (E.D.Pa. Nov.15, 1995).

The Pennsylvania Rules of Professional Conduct are also relevant to this court's determination.[4] *See id.; Wolgin v. Smith,* No.

---

1. The Fourth Scheduling Order, dated September 10, 1998, vacated the Third Scheduling Order, extended the time for the depositions of two defendants to October 15, but otherwise preserved the September 30 general fact discovery deadline.

2. This is pursuant to the Fourth Scheduling Order.

3. This rule was formerly Local Rule 18(c).

4. Rule 83.6 of the Local Rules of Civil Procedure applicable to this court requires attorneys prac-

Civ. A. 94–7471, 1996 WL 482943, at *2 (E.D.Pa. Aug.21, 1996). Rule 1.16(b) provides:

[A] lawyer may withdraw from representing a client if withdrawal can be accomplished without material adverse effect on the interests of the client, or if:

. . .

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; . . . .

Rule 1.16(b) of the Pennsylvania Rules of Professional Conduct.

Christie, Pabarue's effort to withdraw for financial reasons squarely falls under Pennsylvania Rule 1.16(b)(4) and (5). This action is a complex one—it involves multiple parties and transactions that allegedly occurred over a period of years. Trial of this case, which is expected to take a number of weeks, will involve extensive testimony and documentary evidence about a series of complex insurance, business, and financial transactions. We do not doubt the heavy financial burden faced by Christie, Pabarue if it is not permitted to withdraw.

The matter is further complicated by the fact that defendant Allen Stewart is currently in prison. On December 18, 1997, after a 24–day jury trial, Stewart was convicted of over 100 counts of wire and mail fraud and violation of RICO. After his conviction, his bail was revoked. On August 13, 1998, Stewart was sentenced to fifteen years imprisonment and three years supervised release. We have found no precedent to guide us where counsel for a civil defendant seeks to withdraw from a large complex action such as this one, where the client is in prison. As noted above, the general discovery deadline is September 30, 1998, the depositions of defendants Stewart and Fletcher must be taken before October 15, the Liquidator is to serve expert reports by October 15, defendants are to serve their expert reports by November 4, and depositions of experts are to be completed by November 25.

If Christie, Pabarue were permitted to withdraw immediately, any delay would undoubtedly be significant. Even if Stewart were to hire a new lawyer, he or she would need an extended period of time to become familiar with the case. If, as is more likely, Stewart were to represent himself, other problems are presented. Under these circumstances, since he is an involuntary party as a defendant, we would allow him to attend and participate in the remaining depositions, although surprisingly we have found no cases on this point. This situation would involve difficult and burdensome logistical and security problems whether defendant was released for the depositions, the depositions occurred at the prison, or some type of video or phone conferencing was devised. We do not view defendant acting pro se as a feasible and workable option during the discovery phase of this case. Significant delay and added expense for all concerned would be inevitable. It would significantly interfere with the administration of justice and prejudice the other parties involved.

The situation is different thereafter. Any summary judgment motions are due by December 9, and responses are due by December 30. Trial is scheduled for March, 1999. Stewart himself is an attorney. At his request, the court allowed him to cross-examine witnesses at his sentencing hearing on complicated financial issues involving the amount of loss under the Sentencing Guidelines. Unlike discovery, he is able, without logistical and security concerns, to deal with the summary judgment phase of the case. If he hires new counsel promptly, there is time for counsel to become familiar with the case. As for the trial, the court would have him present whether or not he was represented. As in any case where a party is not represented, he would have to conduct his own defense. Because of his legal training and his familiarity with the intricacies of the case,

ticing in this district to abide by the Pennsylvania Rules of Professional Conduct.

he will be in a better position to do so than most pro se civil defendants.

Balancing all the equities, we reluctantly conclude that Christie, Pabarue must continue to represent Stewart through the end of discovery. Stewart will have the five months, from the date of this Order to the date of trial, to obtain new representation if he so desires and is able to do so. After Stewart's criminal trial, this court ordered him to pay $60.2 million in restitution. This liability may hinder his ability to hire new counsel. However, the court is aware that Stewart has an ERISA account, which contains well over $1 million, that he may be able to utilize to obtain new counsel.

In summary, the petition of Christie, Pabarue will be granted in part. The firm will be allowed to withdraw after the completion of discovery, including the depositions of experts and resolution of any discovery disputes. At that point, it may file its withdrawal of appearance.

### ORDER

AND NOW, this 29th day of September, 1998, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that the petition of the law firm of Christie, Pabarue, Mortensen and Young, a Professional Corporation ("Christie, Pabarue"), for leave to withdraw its appearance as counsel for the defendant, Allen W. Stewart, is GRANTED under the following conditions:

(1) Christie, Pabarue must continue as counsel for Allen W. Stewart until the conclusion of discovery, including depositions of witnesses and experts and resolution of any discovery disputes; and

(2) At the completion of discovery, as outlined in the previous paragraph, Christie, Pabarue may file its withdrawal of appearance.