**Thomas S. FOUTS, et al., Plaintiffs,**

v.

**Katherine HARRIS, et al., Defendants.**

**No. 98–10031–CIV.**

United States District Court,
S.D. Florida.

Oct. 25, 1999.

David P. Horan, Horan & Horan, Key West, Florida, G.J. Rod Sullivan, Sullivan & Boyd, Jacksonville, Florida, for plaintiffs.

Terence J. Anderson, University of Miami School of Law, Coral Gables, Florida, Robert Cintron, Jr., Key West, Florida, Gerald Curington, Florida Attorney General's Office, Tallahassee, Florida, J. Gerald Hebert, Alexandria, VA, D. Stephen Kahn, Florida Senate, Tallahassee, Florida, David Lipman, Miami, Florida, Robert B. McDuff, Jackson, Mississippi, Paul M. Smith, Jenner & Block, Washington, DC, Edward Still, Lawyer's Committee for Civil Rights, Washington, DC, Peter Dunbar, Pennington, Moore, et al., Tallahassee, Florida, James K. Green, West Palm Beach, Florida, Paul M. Hawkes, Crystal River, Florida, Matthew Strickler, Ballard, Spahr, et al., Philadelphia, PA, Thomas R. Tedcastle, Florida House of Representatives, Tallahassee, Florida, C. Thomas Tew, Jr., Tew, Cardenas, et al., Miami, Florida, George L. Waas, Florida Attorney General's Office, Tallahassee, Florida, Thomasina Williams, Williams & Assoc., Miami, Florida, for defendants.

ROSEMARY BARKETT, Circuit Judge, and DONALD GRAHAM and JAMES C. PAINE, Sr., District Judges.

### FINAL ORDER OF DISMISSAL

THIS CAUSE came before the Court upon the following motions: (1) Defendant Lawton Chiles' Motions to Dismiss (D.E.s 9, 11); (2) Defendant Sandra Mortham's Motion to Dismiss (D.E.10); (3) Defendants Toni Jennings and Daniel Webster's Joint Motion to Dismiss (D.E.13); (4) Defendant–Intervenors Daryl Jones and Mandy Dawson–White's Motion to Dismiss or for Summary Judgment (D.E.66); (5) Meek Intervenors' Motion for Summary Judgment as to Count I (D.E.68); (6) Florida State Conference of NAACP Branches' Motion to Dismiss or, in the Alternative, for Summary Judgment (D.E.69); (7) Joint Motion to Approve Settlement (D.E.79); (8) Plaintiffs' Motion for Summary Judgment on the Liability Phase of Count I (D.E.97); (9) Defendant–Intervenors Meek and Hastings' Motion to Strike Settlement Agreement (D.E.105); and (10) NAACP's Motion to Reject Proposed Settlement (D.E.108). For the reasons discussed below, the Court (1) approves the dismissal of Count II and the portion of Count I relating to U.S. Congressional District 17; (2) declines to approve the purported settlement of this action; and (3) dismisses the remainder of the case based on the equitable defense of laches.

All parties were permitted to present oral argument on all of the pending motions and did so on October 12, 1999. In open court, the Plaintiffs dismissed the entirety of Count II of their Complaint as well as any claims directed to U.S. Congressional District number 17. Upon due consideration, we permit and approve these dismissals. As a result, the motions relating to Count II and to the portion of Count I associated with U.S. Congressional District number 17 are rendered moot and will be denied.

### DISCUSSION OF REMAINING MOTIONS

#### 1. Motion for Approval of Settlement

█ As a general rule, a "settlement" decree that provides a remedy agreed to by some, but not all, of the parties cannot affect the rights of a dissenting party. *White v. Alabama,* 74 F.3d 1058, 1073–74 (11th Cir.1996) (citing *United States v. City of Miami,* 664 F.2d 435, 442 (5th Cir. December 1981) (en banc)). Therefore,

> Parties who choose to resolve litigation through settlement may not dispose of claims of a third party ... without that party's agreement. A court's approval of a consent decree between some of the parties cannot dispose of the valid claims of nonconsenting intervenors: if properly raised these claims remain and may be litigated by the intervenor.

*Id.* at 1074 (quoting *Local No. 93, International Ass'n of Firefighters v. City of Cleveland,* 478 U.S. 501, 529, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986)).

█ Most of the numerous parties to the instant case were not involved in and object to the purported Settlement Agreement. The Agreement was entered into by five parties: the Plaintiffs; the Speaker of the Florida House of Representatives Thrasher; President of the Florida Senate

Jennings; Florida Governor Bush; and Florida Secretary of State Harris. None of the intervening Defendants participated in the settlement. Moreover, since the filing of the Agreement, Governor Bush, Speaker Thrasher and Secretary of State Harris have disavowed their support for the settlement. Never-the-less, the Plaintiffs continue to assert that the settlement should be approved over the objections of the numerous dissenting parties.

The Plaintiffs argue that *Lawyer v. Dep't of Justice*, 521 U.S. 567, 117 S.Ct. 2186, 138 L.Ed.2d 669 (1997), supports their position that all parties need not agree to the settlement. However, although *Lawyer* involves a narrow exception, it actually reaffirms the general rule that a settlement agreement cannot be used to vitiate the rights of dissenting parties. *Id.* at 579, 117 S.Ct. 2186.

Under *Lawyer*'s narrow exception, parties can agree to settle and dispose of a dissenting party's claim when, through the settlement, the dissenting party achieves the essential goals of his suit. *Id.* at 579–80, 117 S.Ct. 2186. In such a case the Supreme Court advises that a "sore winner" looking only for the additional satisfaction of a judgment will not be permitted to block a settlement. *Id.* Importantly, in describing the propriety of overriding the dissenting party's desire not to settle, the Court was careful to confirm that it would be "forbidden" to settle a redistricting claim over the objections of a party who was not obtaining his requested relief. *Id.* at 579, 117 S.Ct. 2186.

Unlike the dissenting party in *Lawyer*, in the instant case, the dissenting Defendants' objectives in defending this action would be completely frustrated by the proposed settlement. Therefore, the narrow exception outlined in *Lawyer* does not apply to this case. Accordingly, the Motion for Approval of Settlement will be denied.[1]

## 2. Motions to Dismiss

The Defendants argue that this action should be dismissed on the grounds that the Plaintiffs lack standing to bring this suit. Alternatively, they argue that the action is barred by laches.

### A. Standing

■ The defendants assert that there is no plaintiff with standing to challenge the constitutionality of U.S. Congressional District number 23.[2] However, the Plaintiffs allege that Plaintiff Charles Bertheas is a resident of that district. Therefore, they have adequately alleged standing with respect to that district. *See United States v. Hays*, 515 U.S. 737, 115 S.Ct. 2431, 132 L.Ed.2d 635 (1995).

### B. Laches

■ In any event, notwithstanding that sufficient, if minimal, allegations have been pled to support standing with respect to U.S. Congressional District 23, for the reasons discussed below, we conclude that laches bars this action.

To state the defense of laches, a party must show:

1. A delay in asserting a right or claim;

2. That the delay was not excusable; and

3. That the delay caused the party "undue" prejudice.

*Citibank N.A. v. Citibanc Group, Inc.*, 724 F.2d 1540, 1546 (11th Cir.1984).

Laches has been applied to bar actions challenging redistricting plans. *See MacGovern v. Connolly*, 637 F.Supp. 111 (D.Mass.1986) (1986 suit barred by laches where only viable claim challenged a 1977 apportionment plan); *White v. Daniel*, 909 F.2d 99 (4th Cir.1990) (1988 suit barred by laches where the redistricting plan occurred in 1971 and the legislature decided

---

1. The related motions to reject or strike the settlement will be granted.

2. The Court observes that there is no challenge to the plaintiffs' standing with respect to U.S. Congressional District number 18.

not to redistrict in 1981 in light of the 1980 census).

### 1. Relevant Factual Background

U.S. Congressional Districts 18 and 23 went into effect in 1992. *See DeGrandy v. Wetherell*, 794 F.Supp. 1076 (N.D.Fla.1992) (3 judge court). In 1993, *Shaw v. Reno*, 509 U.S. 630, 113 S.Ct. 2816, 125 L.Ed.2d 511 (1993), made this type of case justiciable. There have been elections held in 1992, 1994, 1996 and 1998 based on these districts. In November of 2000, there will be one more election using the current 18th and 23rd U.S. Congressional Districts. Thereafter, the districts will be redistricted based on the 2000 census.

### 2. Analysis

#### (i) Delay

The Plaintiffs assert that there was no delay because the continuing existence of racially gerrymandered districts is an ongoing violation of citizens' constitutional rights. The Plaintiffs only cite to a single district court case in support of this argument. *See Dotson v. City of Indianola*, 514 F.Supp. 397 (N.D.Miss.1981). Indeed, the Plaintiffs' "ongoing violation" argument is contrary to well settled reapportionment and laches case law. *See e.g. White v. Daniel*, 909 F.2d 99 (4th Cir. 1990). Therefore, the Plaintiffs' theory of "on going violation" fails to preclude a finding of delay. Accordingly, we find that the Defendants have established that the Plaintiffs delayed bringing this action for at least five years.

#### (ii) Excusability

The Plaintiffs also contend that any delay in their institution of this action was excusable because they did not know they had a cause of action until 1995, when a three-judge court ordered redistricting of the 3rd U.S. Congressional District (which also had been set up by *DeGrandy* in 1992). *See Johnson v. Mortham*, 926 F.Supp. 1460 (N.D.Fla.1996) (3 judge court). However, the *Johnson* decision did not create the instant Plaintiffs' claims,

it merely recognized them. Therefore, this argument does not serve to excuse the Plaintiffs' delay in bringing this action.

#### (iii) Prejudice

Prejudice may be established by showing a disadvantage to the Defendants in asserting or establishing a claim, or some other harm caused by detrimental reliance upon the Plaintiffs' conduct. *White*, 909 F.2d at 102.

The Defendants assert that they are prejudiced by the Plaintiffs' delay in bringing this action because (1) over the six years and three election cycles voters have come to know their districts and candidates, and will be confused by change; and (2) requiring redistricting now, before the 2000 census will result in two redistrictings within a two year period, with resulting voter confusion, instability, dislocation, and financial and logistical burden on the state.

The dangers of such frequent redistrictings were the basis for the *White* court's decision to impose the defense of laches. The *White* court stated:

> [i]f we affirm the district court's order, the Board will be required to reapportion itself this year and it will probably be required to do so again next year, when the results of the 1990 census are available. *We believe that two reapportionments within a short period of two years would greatly prejudice the County and its citizens by creating instability and dislocation in the electoral system and by imposing great financial and logistical burdens.*

*White*, 909 F.2d at 104 (emphasis added).

Moreover, if the Court were to impose redistricting before the 2000 census, such redistricting would necessarily be based on 1990 census figures. Such old census figures have been recognized as unduly prejudicial because they fail to provide a basis for "fair and accurate representation for the citizens." *White*, 909 F.2d at 104.

Therefore, the defendants have established each of the three elements neces-

sary to assert the defense of laches. Accordingly, the motions to dismiss will be granted as to that issue.

## CONCLUSION

For the foregoing reasons, it is hereby

ORDERED AND ADJUDGED as follows:

1. The Plaintiffs' *ore tenus* dismissal of portions of their Complaint is APPROVED; accordingly, Count II and the portion of Count I relating to U.S. Congressional District Number 17 are DISMISSED;

2. Joint Motion to Approve Settlement (D.E.79); and Plaintiffs' Motion for Summary Judgment on the Liability Phase of Count I (D.E.97) are DENIED;

3. Defendant–Intervenors Meek and Hastings' Motion to Strike Settlement Agreement (D.E.105); NAACP's Motion to Reject Proposed Settlement (D.E.108) are GRANTED;

4. Defendant Lawton Chiles' Motions to Dismiss (D.E.s 9, 11); Defendant Sandra Mortham's Motion to Dismiss (D.E.10); Defendants Toni Jennings and Daniel Webster's Joint Motion to Dismiss (D.E.13); Florida State Conference of NAACP Branches' Motion to Dismiss or, in the Alternative, for Summary Judgment (D.E.69); are GRANTED; accordingly, Count I, in its entirety, is DISMISSED;

5. Defendant–Intervenors Daryl Jones and Mandy Dawson–White' Motion to Dismiss or for Summary Judgment (D.E.66); and Meek Intervenors' Motion for Summary Judgment as to Count I (D.E.68); are DENIED AS MOOT;

6. This case is CLOSED and any pending motions, not otherwise resolved, are DENIED AS MOOT.