**Sandra McCUNE,**

v.

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA PROBATION DEPARTMENT, Charles Gregonis.**

**No. CIV. A. 99–3249.**

United States District Court,
E.D. Pennsylvania.

May 25, 2000.

---

## MEMORANDUM

ROBERT F. KELLY, District Judge.

Before the Court is Plaintiff's Motion to Vacate the Order of March 31, 2000 Dismissing Action Pursuant to Rule 41.1(b) of the Local Rules of Civil Procedure and to Reinstate Motion of Counsel for Plaintiff for Leave to Withdraw.

The undisputed facts indicate that on October 12, 1999, after a mediation conference, Plaintiff orally agreed to a settlement. (Paragraphs 5, 6, 7).[1] Settlement documents were prepared and forwarded to Plaintiff for her signature. (Paragraph 8). Plaintiff did not sign the documents and would not discuss the matter with her attorney. (Paragraph 9).

According to the Scheduling Order entered by this Court on October 5, 1999, the case entered the Trial Pool on February 22, 2000. On March 1, 2000, the parties were notified that trial would commence on March 6, 2000.

After considerable effort, Plaintiff's counsel was finally able to contact Plaintiff to advise her of the imminent trial date. (Paragraphs 12, 13 and 14). At that time, Plaintiff again agreed to the settlement. (Paragraph 14). Upon being advised of the settlement, this Court entered the Order of March 31, 2000 dismissing the action with prejudice pursuant to Local Rule 41(b). Plaintiff has since concluded that

---

1. All Paragraph references are to Plaintiff's Motion to Vacate Order of March 31, 2000 and to Reinstate Motion of Counsel for Plaintiff for Leave to Withdraw.

she does not want to settle the case but wishes to go to trial. (Paragraph 16). The District Court has jurisdiction to enforce a Settlement Agreement entered into by the parties in the case pending before it. *Ballato v. General Electric,* 147 F.R.D. 95, 97 (E.D.Pa.1993). This jurisdiction is grounded in the policy that favors the amicable resolution of disputes and the avoidance of costly and time-consuming litigation. *Pugh v. Super Fresh Food Markets, Inc.,* 640 F.Supp. 1306, 1307 (E.D.Pa.1986).

## DISCUSSION

 It is the law of this Circuit that "an agreement to settle a lawsuit, voluntarily entered into is binding upon the parties, whether or not made in the presence of the Court, and even in the absence of a writing." *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir.1970). The Settlement Agreement is still binding, even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing. *Gross v. Penn Mutual Life Insurance Co.,* 396 F.Supp. 373, 375 (E.D.Pa.1975).

 In the present case, it is clear from Paragraphs 7 and 14 of Plaintiff's motion that there was a Settlement Agreement. That motion, not only establishes the existence of a settlement, but fails to allege any basis upon which this Court could set that settlement aside. We can only presume, that Plaintiff agreed to the settlement when trial was imminent, and now that that crisis has passed, Plaintiff, for a second time, wishes to avoid the settlement. This not only disrupts the business of this Court, it comes too late, the bargain had already been struck.

For the foregoing reasons, Plaintiff's Motion to Vacate this Court's Order of March 31, 2000 will be denied.

 Included within the motion of Plaintiff is Counsel's Motion for Leave to Withdraw as Counsel for Plaintiff in this case. Whether to allow plaintiff's counsel to withdraw her appearance lies within the discretion of this Court. *See* Local Rule 5.1(c). Rule 5.1(c) provides, "an Attorney's appearance may not be withdrawn except by leave of Court, unless another attorney of this Court shall, at the same time, enter an appearance for the same party." In its analysis, the Court must weigh four (4) factors:

1. the reason for which withdrawal is sought;

2. whether withdrawal will prejudice the parties;

3. whether withdrawal will interfere with the administration of justice; and

4. the degree to which withdrawal will delay the action.

*Taylor v. Stewart,* 20 F.Supp.2d 882 (E.D.Pa.1998).

 Considering the above factors, I find that the relationship between Plaintiff and her counsel does not appear to be so strained that Counsel could not continue to represent the Plaintiff for the purpose of executing the settlement that has already been reached. I find, further, that withdrawal of counsel at this point will simply delay the action further to the prejudice of the defendants. For these reasons, the request of counsel for the Plaintiff to withdraw is hereby denied. We therefore enter the following Order.

## ORDER

AND NOW, this 25th day of MAY, 2000, it is hereby ORDERED:

1. Plaintiff's Motion to Vacate the Order Entered by this Court on March 31, 2000 Dismissing the Action with Prejudice is hereby DENIED.

2. The Request of Eileen Epley Wiggins to Withdraw as Counsel for the Plaintiff is hereby DENIED.

3. The Defendants are entitled to enforce the Settlement entered into between the parties.