## LIBERATE TECHNOLOGIES LLC, Plaintiff,

v.

## WORLDGATE COMMUNICATIONS, INC., Defendant.

**Worldgate Communications, Inc., a corporation, Counterclaim–Plaintiff,**

v.

**Interactive Channel Technologies, Inc., a corporation, Source Media, Inc., a corporation, and SMI Holdings, Inc., a corporation, Counterclaim–Defendants.**

No. CIV. A. 98–257–GMS.

United States District Court, D. Delaware.

March 19, 2001.

---

Allen M. Terrell, Jr., Jeffrey L. Moyer, Richards, Layton & Finger, Richard H. Morse, Young, Conaway, Stargatt, Taylor, Wilmington, DE, for Liberate Technologies LLC, Interactive Channel Technologies, Inc., SMI Holdings Inc. and Source Media Inc.

Donald F. Parsons, Jr., Morris, Nichols, Arsht & Tunnell, Wilmington, DE, for Worldgate Comm. Inc.

## MEMORANDUM AND ORDER

SLEET, District Judge.

In May of 1998, Interactive Channel Technologies, Inc. and its parent company SMI Holdings, Inc., (the "Source Entities")[1] filed this patent infringement action against Worldgate Communications, Inc. ("Worldgate"). On September 18, 2000, counsel advised the court that the parties had reached a settlement agreement. On January 22, 2001, the parties again confirmed that a settlement had been reached. Presently before the court is Worldgate's Motion to Enforce any one of the pending Settlement Agreements. Upon consideration of the submissions of the parties and the parties' arguments made during teleconferences held on March 7, and March 14, 2001, the court will grant Worldgate's motion and enforce the Second Settlement Agreement.

### Discussion

█ The court has jurisdiction to enforce a settlement agreement entered into by parties in a case currently pending before it. *Bershak v. Philadelphia Gas Works*, No. Civ. A. 001873, 2001 WL 193702, at *1 (E.D.Pa. Feb.26, 2001) (citing *McCune v. First Judicial Dist. of Pa. Probation Dep't*, 99 F.Supp.2d 565, 566 (E.D.Pa.2000)). *See also Fox v. Consolidated Rail Corp.*, 739 F.2d 929, 932 (3d Cir.1984) ("It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein."). This authority to enforce a settlement agreement has as its foundation the policy favoring the amicable adjustment of disputes and the avoidance of costly and time-consuming litigation. *See National*

---

1. Liberate Technologies LLC ("Liberate") was substituted as the plaintiff in May of 2000. The Source Entities, however, remain a party to this action because Worldgate asserted several counterclaims against them in June of 1998.

*Bank of Washington v. Ringe*, Civ. A. No. 83–5223, 1987 WL 11941, at *1 (E.D.Pa. May 29, 1987) (citing *Pennwalt Corp. v. Plough, Inc.*, 676 F.2d 77, 80 (3d Cir.1982); *Morris v. Gaspero*, 522 F.Supp. 121, 125 (E.D.Pa.1981)).

Between September 18, 2000 and February, 2001, Worldgate and Liberate reached three different settlement agreements. On March 1, 2001, Worldgate moved to enforce one of these agreements. In its motion, Worldgate argues that the real parties in interest in this matter, Liberate and Worldgate, have repeatedly reached settlement. They contend, however, that the Counter–Defendants, the Source Entities, have refused to allow this matter to be dismissed.

The Source Entities oppose Worldgate's motion to enforce any of the settlement agreements. They assert several reasons for why this court should not enforce any of the settlement agreements. First, they contend that they were not adequately represented during the settlement negotiations. Second, they allege that they will be prejudiced by a settlement between Liberate and Worldgate. Finally, they argue that the court's enforcement of one of the settlement agreements will likely result in a breach of the exclusive licensing agreement between the Source Entities and Liberate. The court will address these arguments in turn.

■ The Source Entities's first argument is that they were not a party to any of the settlement agreements and that their interests were not adequately represented at settlement talks. The court is not persuaded by this argument. The Source Entities sold the patents-in-suit to Liberate and asked that the court substitute Liberate as the plaintiffs in this matter. *See* D.I. 51. There is strong evidence establishing the fact that the Source Entities gave Liberate "the rights and obligation, the sole right and obligation to not only try and settle out the patent claims but to settle out the counterclaims that were brought." *See* March 7 Transcript, p.7 at ll. 1–6. *See also*, D.I. 123. Because the Source Entities expressly authorized Liberate to settle the claims in this lawsuit, the court finds that the Source Entities were adequately represented during the settlement talks.[2]

■ The court is also unconvinced by the Source Entities' claim that a settlement would frustrate their ability to defend against Worldgate's counterclaims. Specifically, they allege that they have been prejudiced by not being able conduct discovery on the counterclaims. Thus, the Source Entities argue they will be "seriously prejudiced in their defense of the [counterclaims] of Worldgate" if Liberate is not required to continue prosecuting this case. D.I. 120 at 2. In support of this contention, the Source Entities cite to *Fouts v. Harris*, 88 F.Supp.2d, 1351, 1352–53 (S.D.Fla.1999), *affirmed Chandler v. Harris*, 529 U.S. 1084, 120 S.Ct. 1716, 146 L.Ed.2d 639 (2000). *Fouts* sets forth the general rule that a settlement "that provides a remedy agreed to by some, but not all, of the parties cannot affect the rights of a dissenting party." *Id. Fouts*, however, is easily distinguishable from this case because *Fouts* recognized that a settlement cannot dispose of claims brought by a third party without the party's consent. *See Id.* In this case, the Source Entities are a counter-defendant, not a third party with independent claims of its own. More

---

2. Another basis for this argument is that the Source Entities and Liberate were represented by the same law firm during the settlement talks. The Source Entities never moved to disqualify Liberate's counsel. Because the Source Entities gave their rights to settle this litigation to Liberate and because they waited several months to bring this issue to the court's attention despite ongoing settlement talks, the court deems any conflict in this instance to be waived. *See Commonwealth Ins. Co. v. Graphix Hot Line Inc.*, 808 F.Supp. 1200, 1208 (E.D.Pa.1992) (noting that the court should consider the length delay in objecting to a conflict and whether the delay is due to tactical reasons in determining if a party has waived its right to object to a conflict).

important, pursuant to the pending settlement agreements, Worldgate's counterclaims against the Source Entities would be dismissed with prejudice. See D.I. 113. Thus, the court finds that the Source Entities have not established that they will be prejudiced if the court enforces one of the settlement agreements.

■ Finally, the Source Entities argue that enforcement of any of the settlement agreements will likely result in a breach of the Source Entities' exclusive license with Liberate. Specifically, they maintain that any settlement agreement with Worldgate might induce Liberate to breach its exclusive license with the Source Entities. The court is not persuaded by this argument for two reasons. First, the Source Entities merely speculate that there could be a breach of contract, but do not establish that a settlement between Liberate and Worldgate would result in a breach. Second, even if a breach does occur, Liberate has legal recourse. The Source Entities's right to sue for breach of contract does not depend upon the terms of the Worldgate–Liberate settlement agreements.

In light of the clear intentions of Worldgate and Liberate to settle this matter, the lack of prejudice to the Source Entities, and the court's inherent authority to enforce settlement agreements, the court will grant Worldgate's motion.

For these reasons, IT IS HEREBY ORDERED that:

1. Worldgate's motion to enforce the settlement agreement (D.I.113) is GRANTED.

2. The court will enforce the Second Settlement Agreement reached by the parties.