OPINION
SMITH, Circuit Judge.
I.
Buchanan Ingersoll PC appeals the District Court’s denial of its request to be *161 paid legal fees from an available asset that would otherwise be used to partially satisfy a judgment against G&G Investments, Inc. (G&G Investments) and to withdraw as counsel for G&G Investments because the District Court enjoined G&G Investments from paying Buchanan Ingersoll.
The two issues raised on appeal are: 1) Whether the District Court erred in holding that counsel for a judgment debtor should not be paid for legal services provided in post-judgment execution proceedings if the judgment has not been satisfied because counsel purportedly attempted to frustrate collection efforts; and 2) Whether the District Court erred in denying counsel’s request to withdraw after it enjoined counsel’s client from paying counsel for services rendered in post-judgment execution proceedings.
We review the District Court’s denial of fees for abuse of discretion and find no such abuse. We will affirm the District Court’s decision on this point. Because the District Court did not consider the interests of Buchanan Ingersoll in its withdrawal calculation, we will reverse the District Court’s decision on this point.
II.
The facts of this case are straightforward. On July 14, 2003, the District Court entered a Final Judgment in favor of Appellee Petra Buschmeier and against G&G Investments in the amount of over $57 million, plus interests and costs. The judgment arose out of a December 2001 Arbitration Award of the International Chamber of Commerce, which Buschmeier successfully confirmed in District Court when she obtained the Final Judgment. The judgment has remained unsatisfied.
Buschmeier has since attempted to obtain payment on its judgment by seeking discovery in aid of execution. Buschmeier served her First Set of Interrogatories and Requests for Production in Aid of Execution of Judgment in July 2003. G&G Investments served its Answers and Objections on August 25, 2003. On September 8, 2003, Buschmeier filed a Motion for Supplementary Relief in Aid of Execution that requested the District Court to, inter alia, enjoin G&G Investments from disposing of any of its assets. On November 18, 2003, the District Court issued a Memorandum Order of Court (hereinafter “Injunction Order”) enjoining G&G Investments from making payments to any entities, including its counsel Buchanan Ingersoll, until the July 14, 2003 Final Judgment Order was fully satisfied.
One week later, G&G Investments filed a motion for partial relief from the Injunction Order so that it could be allowed to settle a claim in a Canadian bankruptcy proceeding. G&G Investments in the same motion also requested District Court permission to pay Buchanan Ingersoll for services rendered in settling the bankruptcy proceeding and for all outstanding legal fees. In a November 26, 2003 order, the District Court held that G&G Investments could settle the bankruptcy claim but denied the requested permission to pay Buchanan Ingersoll without the District Court having more information. G&G Investments then filed a Fee Petition on January 16, 2004, describing the legal services it received. G&G Investments’ Fee Petition asked the District Court for permission to pay Buchanan Ingersoll for services provided in the Canadian bankruptcy proceeding and the Buschmeier execution proceedings. Buschmeier opposed the Fee Petition, and in G&G Investment’s Reply and Supplement in Support of Fee Petition, G&G Investments sought further permission to pay Buchanan Ingersoll not only all outstanding fees, but also a $25,000 retainer for future services that would be *162 rendered in the Buschmeier execution proceedings.
The District Court granted the Fee Petition in part and denied it in part. The Court permitted G&G Investments to pay Buchanan Ingersoll fees related to the Canadian bankruptcy proceeding, but prohibited G&G Investments from paying its counsel for any other services. Buchanan Ingersoll then filed a Motion to Withdraw and a Motion for Reconsideration. On August 3, 2004, the District Court denied Buchanan Ingersoll’s request to withdraw “pending an appearance of replacement counsel on behalf of’ G&G Investments. On October 6, 2005, the District Court also denied the Motion for Reconsideration. The District Court ordered G&G Investments to transfer the funds from the Canadian bankruptcy settlement to Buschmeier. Buchanan Ingersoll timely appealed both the denial of the Motion to Withdraw and the denial of the Motion for Reconsideration. After Buchanan Ingersoll filed its notice of appeal, G&G Investments received $93,363.27 CND from the Canadian bankruptcy settlement. Buchanan Ingersoll then filed a motion again seeking payment of counsel fees or, in the alternative, placing this newfound money in escrow pending the resolution of the present appeal. It appears from the record that the District Court granted this motion in part on April 13, 2006 and ordered G&G Investments to place the funds in escrow with the District Court.
Buchanan Ingersoll now appeals both the denial of the Motion to Withdraw and the denial of the Motion for Reconsideration.[1]
III.
We review a district court’s denial of a request by counsel to withdraw from representation for abuse of discretion. Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 679 (3d Cir.1986) (per curiam).[2] An abuse of discretion occurs when a district court’s decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact. P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 852 (3d Cir.2006) (citation omitted).
As a general rule, if a corporation is to be represented in court, this representation must be made through counsel. See Rowland v. California Men’s Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993) (“It has been the law for the better part of two centuries ... that a corporation may appear in the federal courts only through licensed counsel.”); Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir.1966). The District Court cited this rule in its denial of Buchanan *163 Ingersoll’s motion to withdraw, and stated that the motion would be reconsidered pending an appearance of replacement counsel. While this general rule correctly states Pennsylvania law, other factors may permit counsel to withdraw from representation of a corporation. Courts, often in unpublished opinions, will permit withdrawal and then inform the corporation that it cannot go forward without retaining new counsel.[3] With respect to when counsel should be permitted to withdraw when the client is a corporation, our decision in Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676 (3d Cir.1986) (per curiam), provides guidance.
In Ohntrup, after concluding that the District Court did not abuse its discretion in refusing to permit the firm of Morgan Lewis to withdraw, this Court stated that there is some play in the joints for the requirement that corporations must be represented by counsel:
One final matter requires this court’s attention. As noted above, the transcript of the district court’s oral opinion indicates that Morgan would be required to continue to represent Makina until such time as Makina arranged for representation by other counsel. We do not believe that such a result automatically follows in all cases from the language of the rule of court. Otherwise, a lawyer in the present situation might be unable to withdraw at any time. Such a result is neither mandated nor required for the effective administration of the judicial system.
Id. at 679-80. Because the Court in Ohntrup denied the law firm’s request to withdraw, it did not directly confront the question presented in this case — whether granting a leave to withdraw would “violate the prohibition against corporations appearing in court unrepresented by counsel.” Id. at 680 n. 1. Still, Ohntrup instructs us that, in certain circumstances, counsel for a corporation should be permitted to withdraw even before a corporation finds a suitable substitute.
Ohntrup states that a law firm can withdraw from representing a corporation even before the corporation retains new counsel when the withdrawing firm “serves no meaningful purpose.” Id. at 680.
In analyzing the phrase “no meaningful purpose,” we are persuaded by the logic of both Ohntrup and Fidelity Nat’l Title Ins. Co. of New York v. Intercounty Nat’l Title Ins. Co., 310 F.3d 537 (7th Cir.2002). In *164 Fidelity, the Seventh Circuit held that the lower court’s order denying counsel’s motion to withdraw was an abuse of discretion even though withdrawal would leave the corporation without counsel. In coming to this decision, the Court looked at the burden imposed on the potentially withdrawing counsel if the status quo is maintained, the stage of the proceedings, and prejudice to other parties. See id. at 540-41. The three-part test from Fidelity explicitly states the factors that were implicit in Ohntrup. The latter two factors, litigation stage and third party prejudice, were present in this Court’s analysis in Ohntrup. The first factor, which looks at the burden on counsel if withdrawal is denied, is already part of Pennsylvania’s ordinary withdrawal calculation. See Pa. R. Prof’L Conduct 1.16(b)(5) and (6).
Fidelity is instructive and persuasive. When read together with Ohntrup, the proper withdrawal calculus for a district court to perform when the client is a corporation looks at the burden imposed on all parties and the counsel attempting to withdraw. A law firm is entitled to withdraw once the firm demonstrates that the ordinary rules of withdrawal have been met and its appearance serves no meaningful purpose. Whether or not a law firm’s appearance serves no meaningful purpose will be based on potential prejudice to all litigating parties. One factor to consider in any prejudice analysis is the stage of litigation.
Applying Ohntrup in this manner, it appears that the District Court abused its discretion by refusing to permit Buchanan Ingersoll to withdraw. Buchanan Ingersoll has clearly followed the ordinary rules of withdrawal. Rule 1.16(b)(5) permits withdrawal when the client fails to pay, so long as counsel provides reasonable warning. Rule 1.16(b)(6) permits withdrawal when representation will result in an unreasonable financial burden. According to Buchanan Ingersoll, it has incurred more than $100,000 in unpaid fees and expenses since it has been required to represent G&G Investments without payment. Of course, this number will only increase if the District Court’s decision stands.
The “stage of the litigation” factor also favors withdrawal. Notably, the Court in Ohntrup decided that counsel could not withdraw even though the case, as in the present matter, was in the post-judgment stage. See Ohntrup, 802 F.2d at 679. The difference between Ohntrup and the present matter is that the corporation in Ohntrup was located in Turkey, did no business in the United States, and was composed of officers and agents who spoke no English. Id. Counsel was needed so that the court would not be left “without the possibility of effective communication with [the corporation], as well as without a reliable mechanism for responsible supervision of the post-judgment aspects of this litigation.” Id. By contrast, this case is in the execution stage and G&G Investments is not a foreign corporation.
Finally, the lack of comparable potential prejudice to either G&G Investments or Buschmeier favors withdrawal by Buchanan Ingersoll. Both the District Court’s denial of Buchanan Ingersoll’s Motion for Reconsideration and Buschmeier’s brief are internally contradictory on this point. On one hand, the District Court’s denial of the Motion for Reconsideration implies that Buchanan Ingersoll aided in G&G Investments’ “continuing legal maneuvers to avoid payment and satisfaction of Plaintiffs legitimate judgment.” Buschmeier argues that the litigation which has occurred thus far has been a result of the continuous efforts of G&G Investments, through its counsel, to thwart collection. On the other hand, Buschmeier then argues that Buchanan Ingersoll is necessary *165 in the execution stage to aid G&G Investments’ cooperation with the District Court. In the view of the District Court and Buschmeier, Buchanan Ingersoll is both obstructing collection of the judgment and is absolutely necessary to the judgment’s execution. If Buchanan Ingersoll is impeding collection, then it is difficult to see how Buschmeier would be prejudiced by withdrawal.
In light of this calculus, Buchanan Ingersoll is entitled to withdraw.
IV.
For these reasons, we will affirm the District Court’s denial of Buchanan Ingersoll’s Fee Petition and reverse the District Court with respect to withdrawal.

. The District Court had jurisdiction pursuant to 9 U.S.C. § 203. We exercise jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and the collateral order doctrine.

. We also review a district court’s denial of a request for payment of attorneys’ fees for abuse of discretion. Pierce v. Underwood, 487 U.S. 552, 559, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); Morgan v. Perry, 142 F.3d 670, 682-83 (3d Cir.1998). The District Court in this case granted the portion of Buchanan Ingersoll’s fee petition which represented legal services and costs which were directly related to the Canadian bankruptcy settlement, but denied the fee petition with respect to any legal services and costs not related to this settlement. The chances of G&G Investments collecting anything close to its unsatisfied judgment appear slim. The District Court weighed this unlikelihood in its decision. Buchanan Ingersoll could point to no sufficiently analogous case law, and we have found none either, that would lead us to conclude that the District Court erred in its decision. In light of the fact that case law from this Court provides little guidance to the district courts on this issue, we do not find an abuse of discretion.

. See, e.g., Dianese, Inc. v. Pennsylvania, No. CIV.A. 01-2520, 2002 WL 1340316, at *2 (E.D.Pa. June 19, 2002) (permitting withdrawal even though plaintiff corporation would go unrepresented but. still refusing to allow corporation to have representation in court without counsel); Quality Trust, Inc. v. Cajun Contractors, Inc., No. 04-4157-SAC, 2006 WL 1914164, at * 1 (D.Kan. June 27, 2006) (quoting a prior court order where counsel had been permitted to withdraw and corporation was told to obtain new counsel); Grass Lake All Seasons Resort, Inc. v. United States, No. 01-74386, 2005 WL 3447869, at *2 (E.D.Mich. Dec. 15, 2005) (discussing how the Court had previously granted counsel for plaintiff corporation’s request to withdraw without first requiring substitute counsel); Carrico v. Village of Sugar Mountain, 114 F.Supp.2d 422, 424 (W.D.N.C.2000) (dismissing corporate plaintiff’s claims after, in a previous ruling allowing plaintiff’s counsel to withdraw); Consol. Cigar Corp. v. Monte Cristi de Tabacos, 58 F.Supp.2d 188, 191 (S.D.N.Y. 1999) (granting default judgment against defendant corporation after the corporation had failed to retain new counsel after previous counsel was allowed to withdraw); Fed. Ins. Co. v. Yusen Air & Sea Servs., No. 97CIV3830HBTHK, 2001 WL 498412, at *3 (S.D.N.Y. May 9, 2001) (permitting withdrawal even though no substitute counsel had been retained); R. Maganlal & Co. v. M.G. Chem. Co., Inc., No. 88 CIV. 4896MJLTHK, 1996 WL 420234, at *3 (S.D.N.Y. July 25, 1996) (permitting withdrawal and notifying defendant corporation that “failure to retain new counsel may result in the entry of a default”).